NEW YORK,
May, 1824.

Roosevelt
v.
Dale.

## ROOSEVELT *against* DALE, executrix of FULTON.

*Feme sole* is sued, and marries pending the suit. This need not be noticed in the subsequent proceedings, but affidavits, notices, &c., should be according to the original title of the cause. If they treat the husband as a party they are defective; otherwise, if the marriage be mentioned in the title as mere description of the person of the feme.

Where an affidavit was entitled in two causes, one of which was rightly, and the other wrongly stated, and the affidavit proceeded to speak of the cause, in the singular; held, that this was sufficient.

An affidavit of merits to prevent an inquest within the rule of November term, 1808, if made by the attorney, should contain a good excuse for its not being made by the defendant.

THIS cause being noticed for trial and inquest on the 15th March last, (for the New York circuit,) the attorney for the defendant, before the inquest was taken, made and filed with the Circuit Clerk an affidavit, stating that neither of the defendants were then in the city of New York, as he was informed on inquiry, and verily believed to be true; and that, as he had been informed by them, and verily believed, they had a good and substantial defence on the merits. The notice of trial and inquest, was served the 3d day of March last. The affidavit was entitled—" *Supreme Court. Charles Augustus Dale and Harriet, his wife, which said Harriet is the surviving executrix of the last will and testament of Robert Fulton, deceased, ads. Nicholas I. Roosevelt.*" But the action was brought against Mrs. Dale, alone, as executrix of Mr. Fulton, before her intermarriage with Charles Augustus Dale, which took place before the cause was noticed for trial.

The plaintiff in noticing the cause for trial, entitled it thus: " *Nicholas I. Roosevelt* v. *Harriet Fulton,* (*now Harriet Dale,*) *surviving executrix of Robert Fulton, deceased.*"

In the affidavits for this motion, the cause was entitled in both these ways, so that it appeared at the head of the affidavit as if there were two causes; under which the affidavits began in this manner: " *C. G. attorney for the defendants in the above cause ;*" and they spoke of *the cause* in the *singular number* throughout; as *the said cause,* or *the above cause.*

In order to prevent the inquest, a copy of the affidavit for that purpose, had been served on the plaintiff's attorney, the day when it was filed, pursuant to the general rule of

Though not technically a party, yet one who marries a *feme* defendant pending the action, is substantially a defendant, and may accordingly make an affidavit of merits.

NEW YORK,
May, 1824.

Roosevelt
v.
Dale.

November term, 1808, and an affidavit of C. H. Dale, with a double title as above, had also been served as one of the papers for this motion, in which Mr. Dale swore, *" that the defendants in the above cause have a good and substantial defence upon the merits in said cause as this deponent is advised by their counsel, and verily believes to be true ;"* and that he left the city of New York, for his residence in in Columbia county, on the 17th day of April last, and did not return to this city until the 28th day of the same month. The trial had been stayed by an injunction from Chancery till the 21st of April last.

An inquest having been taken in the cause, out of its order on the calendar, (on the 22d of April, to which time the March circuit had continued,) under the said rule of November term,

*C. Graham,* now moved that it be set aside for irregularity.

*J. I. Roosevelt,* Jun. and *S. Jones,* contra, objected that the affidavit to prevent the inquest was defective. 1. Because wrongly entitled. Dale is no party to the suit. Where a *feme* defendant marries, pending a suit, it does not change the proceedings.(a) She cannot by her own act create an abatement. No person, not named in the record, can be made a party without a *scire facias.* There being no such cause in Court, the affidavit was a nullity. The reason is, that it could not be made the basis of an indictment, if untrue. A *scire facias* is founded upon some matter of record, but there is no record until judgment; and since the late statute,(b) there is not even an issue roll.(c) How then could the husband have been made a party, even if the plaintiff had wished it ?

2. Admitting the title to have been sufficient, the affidavit should have been made by one of the defendants. The excuse that they were not then in the city, was not a valid one. The notice of inquest had been served more than seven weeks, and the Court had been in session more than five weeks. Why was not their affidavit procured during that time ? They might have made it in Columbia county, as

(a) *Dolyey v. White,* Cro. Jac. 323. Bull. N. P. 22. 1 Jac. L. D. 9, Abatement, I, b. c. *Cooper v. Hunchin,* 4 East, 521. 1 Chit. Pl. 438. *King et ux.* v. *Jones,* 2 Str. 811. Ld. Raym. 1525. S. C. Lofft. 27. 2 Saund. Rep. 72, k.

(b) Sess. 41, ch. 259 s. 4.

(c) And vid. *Croswell v. Byrnes,* 9 John. 287.

well as in New York. But even if their presence in New York was necessary, Dale admits that he did not leave this city until the 17th of April; more than a month after the opening of the Court.

3. Neither of the titles of Mr. Dale's affidavit is correct. One is not, for the reasons already stated; the other is not because it does not conform to the record. "Now Harriet Dale," is a matter *in pais*, which cannot be judicially known. Besides, it is not stated that Charles Augustus Dale ever married Mrs. Fulton. This fact cannot be noticed by the Court *ex officio*.

4. Dale being no party to the suit, the affidavit should have been made by Mrs. Fulton, the real defendant.

*Curia.* The objection to the affidavits for the motion, is not well taken. The title, " Harriet Fulton, (now Harriet Dale," &c.,) is substantially true. It is correct unless the addition of " *now Harriet Dale*," vitiates it. This purports to be, and is in fact, mere matter of description, and it may, with the other title of a cause which does not exist, be rejected as surplusage.

But the affidavit to prevent the inquest, was defective for two reasons. One is, that it contains no sufficient excuse for being made by the attorney, and not by Dale, or his wife. The affidavit of merits by an attorney, even to prevent an inquest, is not properly receivable, unless a reasonable excuse is furnished for omitting the defendant's affidavit.(*a*)

But this affidavit was not properly entitled. The authorities, cited by the counsel for the plaintiff, fully and clearly establish that where a *feme sole* marries pending the suit, this does not affect the form of the proceedings. No notice is taken of it, but the suit goes on as if no marriage had taken place.

The inquest is regular, therefore, and the only question is whether the subsequent affidavit is regular, so as to warrant setting aside this inquest on terms. In relation to this it is objected that Dale is not competent to make the affidavit, because he is not a party. And the promises are undoubtedly true. He is not technically a party, and, therefore, is

*Margin notes:*

NEW YORK, May, 1824.

Roosevelt v. Dale

(*a*) Vid. *Phillips* v. *Blagge* 3 John. Rep 141. *Geib* v *Icard*, 11 John. 82.

NEW YORK, May, 1824.

Jackson
v.
Mather.

not treated as a party upon the record. But in other respects, and eminently so far as interest is concerned, he is a party with his wife. Whatever affects her, affects him equally. On recovering judgment against her he may be made an actual party by a *scire facias*, and in this manner, be subjected to execution. Being substantially a party, we think he is to be received to make an affidavit of merits, consistently with the rule which requires this to be done by *the party*. Let the inquest be set aside, on payment of costs.

Rule accordingly.