## Case No. 6,096.

### The HARRIET.

[Olc. 222; 1 11 Hunt, Mer. Mag. 361.]

District Court, S. D. New York.. Nov., 1845.

PRACTICE IN ADMIRALTY—AFFIDAVIT BY ATTORNEY.

1. Courts of law, as a general rule, require affidavits to the merits of a cause to be made by the parties to the action, where a question of diligence or good faith is involved, but the rule is not inflexible, and the deposition of the attorney, upon good cause being shown, is sufficient.

2. The strict rules of the common law are not applicable to admiralty practice. The proctor is, in many cases in point of fact, dominus litis, clothed with all the authority of the party himself.

3. Without regard to that distinction, courts proceeding according to the civil law, admit proctors to exercise all the functions of attorneys at law.

[Cited in Daily v. Doe, 3 Fed. 918.]

In admiralty.

Pritchard, for claimant.
Mulock, for libellant.

BETTS, District Judge. A motion has been made in this case, that the libellant be required to file additional security for costs. It was opposed, upon the ground that the affidavit upon which the motion is based is made by the proctor in the cause, and not by the claimant, whom he represents. The courts of law, as a general rule, require affidavits to the merits of a cause, and in those instances, where the diligence and good faith of a party are in question, to be made by the party himself. Still the rule in those cases is not inflexible, for the deposition of an attorney or other person, may be substituted, when good cause is shown for the change. Sullivan v. Magill, 1 H. Bl. 637; Peake, 97; Geib v. Icard, 11 Johns. 82; Roosevelt v. Dale, 2 Cow. 581; Chase v. Edwards, 2 Wend. 283. In strictness, the principle upon which the affidavit of the actual party is demanded would scarcely apply to proceedings in admiralty courts, as the proctor there, for many purposes, is in fact dominus litis, clothed with all the authority, and bearing the responsibilities of the party himself. Clerke, Praxis Adm. tits. 7, 48, 51; Betts, Adm. 10. Although, by the rules of this court, its practice is assimilated to that of the supreme court of the state upon questions which it has not specifically provided for, yet that would not change essentially the features of admiralty practice, when variant from that of the common law. But I think, in this case, it is in consonance with the established course of law courts to allow affidavits, on motions incidental to a cause, and when the facts cannot be supposed to rest peculiarly in the knowledge of the party, to be made by attorneys and proctors. 2 Wend. 283. This is the invariable course, in courts proceeding according to the civil law, the source of the admiralty practice, without reference to any special functions of a proctor differing from a mere attorney. Caulker v. Banks, 3 Mart. (N. S.) 543. The motion is accordingly granted.