Johnson agt. Lynch.

## SUPERIOR COURT.

ALEXANDER B. JOHNSON, President, &c. agt. JAMES S. LYNCH, Impleaded with WILLIAM C. JOHNSON.

If the *attorney* in the suit can make an *affidavit of merits* for the defendant under certain circumstances, (which is conceded,) there is no good reason why an *agent* or *attorney in fact*, who is specially employed to defend the suit, may not make it.

In either case, the attorney or agent who makes the affidavit, must state an adequate *excuse* for its not being made by the party, as where the defendant is absent beyond seas, or is out of the state, which will usually be deemed sufficient.

The question. then arises, whether the plaintiff can show by counter affidavits, that the excuse made in such affidavit of merits, is not entitled to credit?

· That is, can an affidavit of merits, in any respect, or in any particular, be contradicted?

*Held*, that the plaintiff is not precluded from presenting by affidavits such facts as tend to show that the *excuse* offered for the absence of the defendant's affidavit, is not to be received. The affidavit of merits in this case, was held insufficient on that ground, and the motion to set aside the inquest taken after the filing of the affidavit, was denied.

But the rule is well settled that no affidavits are permitted to be read which go to the point of controverting the *merits* which have been sworn to on the defendant's behalf, such as aim to show that the defence is unfounded, &c.

*Oneida Special Term, November, 1857.*

MOTION to set aside inquest at the circuit.

M. H. THROOP, *for defendants.*
A. BEARDSLEY, *for plaintiff.*

BACON, Justice. This cause was on the calendar of the last Oneida circuit upon a regular notice of trial and inquest, on the part of the plaintiff. On the morning of the second day of the circuit, the plaintiff moved the cause, and proposed to take an inquest, to which the defendant's counsel objected, on the ground that an affidavit of merits had been duly filed and served the day preceding upon the plaintiff's attorneys.

The plaintiff's counsel insisted that the affidavit was entirely insufficient, and submitted it to the inspection of the presiding justice, who on examination, deemed it insufficient to prevent the inquest, and allowed the plaintiff to take it at his peril.

The defendant now moves to set aside the inquest, and to reinstate the cause, on the ground that the affidavit was suffi cient, and that it cannot be contradicted. The plaintiff' counsel resists the motion, insisting upon the insufficiency ot the affidavit *per se*, and also presents affidavits which it is claimed, tend to show that it was not made in good faith, and that at the time it was sworn to, the defendant Lynch was actually in the county of Oneida, and in a condition where he could and should himself have made the affidavit. The affi- davit which was presented to prevent the inquest, was made by one Perkins, and the purport of it is, that before the issue was joined in the action, the defendant Lynch left this state, and as the deponent believed, was absent therefrom when the affidavit was made, which by the jurat, appears to have been on the 19th of October; that the deponent, a few days before the issue was joined, met Lynch out of the state, and was requested by him to act as his agent in defending the suit, and deponent took charge of it accordingly; that Lynch stated the case fully and fairly to deponent, and he had himself made inquiries, and fully possessed himself of the facts in the case, and had stated them to counsel, and that the defendant had a good and substantial defence on the merits, as deponent was advised by counsel, and verily believed.

The first question is, whether this is such an affidavit of merits, or is sufficient within the rule to prevent an inquest. As a general rule, it is admitted that an affidavit of merits must be made by a party to the suit; but it is insisted that in certain exceptional cases it can be made by another person. Thus, on a motion for a commission, the agent in fact of the plaintiff, acting under a letter of attorney, may make the affidavit on which the motion is founded, without showing any excuse why the party himself has not made it. (1 *Cow.* 210, *and* 2 *John. Cas.* 69.) So where several suits are brought

Johnson agt. Lynch.

against the maker and indorsers of a note, the affidavit of merits may be made in all the cases by the maker of the note, the defence being the same in the cases, and he being acquainted with it. (6 *Cow.* 395.)

I have not been directed to any case in the books, nor am I able to find one, in which an affidavit like the one in this suit ever became the subject of question. But there have been cases where the affidavit has been made by the attorney of the party, and under certain qualifications, such affidavits have been held to be sufficient. Thus, in *Phillips* agt. *Blagge*, (3 *John. Rep.* 141,) the affidavit was made by the attorney, and stated that the defendant was absent beyond sea, and had represented to him that he had a good and substantial defence on the merits, and from his representations, and the papers produced, he verily believed there was a defence. The court held this sufficient and set aside the inquest. In *Stark weather* agt. *Caswell*, (1 *Wend.* 77,) the attorney of defendant swore to merits as informed by his client, and the circuit judge held it insufficient, and refused to permit the defendant's counsel to appear in the cause. For this reason the court set aside the inquest without passing upon the sufficiency of the affidavit. In *Rosevelt* agt. *Dale*, (2 *Cow.* 581,) the affidavit was made by the attorney, who swore to a good defence upon the merits, and that the defendant had left the city of New-York, for his residence in Columbia county, and did not return to the city in season to make the affidavit. The court decided it to be insufficient to prevent the inquest, and held such an affidavit to be inadmissible, unless a reasonable excuse is furnished for omitting the defendant's affidavit. The same rule was declared in *Mason* agt. *Bidleman*, (1 *How. Spec. Term Rep.* 62,) where in the affidavit no excuse was given why it was not made by the defendant. In view of these cases, I I think it must be conceded that an affidavit of the attorney of a party will be sufficient where it swears to merits, and shows an adequate excuse for its not being made by the party; absence beyond seas or out of the state will usually be deemed sufficient. It is no valid objection to such an affidavit, that

the knowledge of the defence is sworn to be derived from the statements of the defendant, for this is all the information, that as a general rule, the attorney can ever have. If, then, the attorney in the suit can make such an affidavit, I see not why an agent or attorney in fact, who is specially employed to defend the suit, may not make it, where he states not only, that he has been fully informed of the defence, but has himself made inquiries into the facts, and more fully become possessed of them by means of such inquiry, and states his belief that the defendant was then absent from the state.

Conceding this, is that the end of the matter, and can nothing be shown that tends to throw doubt or discredit upon the excuse which is made for the absence of the defendant's affidavit? The defendant's counsel insists that the affidavit can in no respect be contradicted, and he cites to support this proposition, the case of *Rosevelt* agt. *Kempen*, (2 *Cain.* 30,) where in a *nota bene* it is said, " the court *seemed to intimate* that counter affidavits of want of merits could not be received, as it would be trying the cause on affidavits," and *Phillips* agt. *Blagge*, (*cited supra*,) where the court also say that no counter affidavits can be read in such a case. The extent of the rule then, I apprehend, is, that no affidavits are permitted to be read which go to the point of controverting the merits which have been sworn to on the defendant's behalf. In this case, therefore, I do not take into consideration the affidavits of the Messrs. Johnson, which aim to show that the defence is unfounded. That question is not to be tried on affidavits. But I cannot admit that the plaintiff is precluded from presenting by affidavits such facts as tend to show that the excuse offered for the absence of the defendant's affidavit is false or frivolous, and that, therefore, a substituted affidavit is not to be received. The court has always deemed it important that the defendant should take the burden and responsibility of swearing to merits, and it is the plaintiff's right to insist that the party himself shall be put to the test, when the effect is to delay the speedy recovery of judgment. The affidavits on the part of the plaintiff on this motion, show

Johnson agt. Lynch.

affirmatively that the defendant Lynch was in the city of Utica on the evening of the 17th or 18th of October, (the latter day being on Sunday.) The attorney of defendant also admits that he saw his client on the evening of the 18th, and in his affidavit he states that he has no knowledge or belief that he was in the city of Utica at any time during the 19th of October, when an officer could be found at his office to administer an affidavit to him. The irresistible conclusion from this, I think, must be that the defendant was in the county of Oneida on some one of the three days above mentioned, and probably in some part of all of them. If he was, it will not answer to allow a substituted affidavit. If he was not visible at an hour when an affidavit could be taken, he could, at least, have been furnished with one which he could have sworn to elsewhere, and transmitted to his attorneys in time to have been used at the circuit. At any rate, there has been abundant time since the circuit, and before this motion was brought on, to supply a full and sufficient affidavit of merits; or at least to show by a frank disclosure of his whereabouts, that he has been nowhere within the state since the joining of the issue in this cause; or that he has been in such a position as would render it impracticable for him to supply the affidavit which the plaintiff had a right to require, if the defendant was in a condition to make it.

It may be that I err in holding that the plaintiff is at liberty to show these facts upon this motion, and that in no point whatsoever can the affidavit presented at the circuit be controverted; but it seems to me it is right to require this, and that it is important for the protection of the plaintiff in his just rights, and essential to prevent what might easily become, in the hands of unscrupulous parties, a fraud upon the practice of the courts.

The motion to set aside the inquest must be denied, but as the question is, so far as I know, a novel one, it will be without costs.