HESTER A. TOMPKINS, Respondent, v. WILLIAM H. TOMPKINS and Another, Appellants.

*General denial — proof which is competent under it.*

Under a general denial contained in an answer, the defendant in the action may contradict any evidence given by the plaintiff in support of the cause of action alleged in the complaint, and he is not confined to a simple denial of the facts testified to on behalf of the plaintiff, but he may introduce any evidence which tends to show the transaction between the parties to have been different from what the plaintiff claims.

Where the complaint in an action alleges, and testimony upon the trial is introduced to show, that a transaction with the defendant was a loan of money, under a general denial set up in the answer, the defendant is entitled to show what the agreement was under which he claims to have received the money.

APPEAL by the defendants, William H. Tompkins and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 7th day of October, 1893, upon the verdict of a jury rendered after a trial at the Westchester Circuit, and also from an order entered in said clerk's office on the 14th day of October, 1893, denying the defendants' motion for a new trial made upon the minutes.

*Francis Larkin*, for the appellants.

*William P. Fiero*, for the respondent.

BROWN, P. J.:

The complaint in this action set forth as a cause of action a loan of a sum of money by the plaintiff to the defendants, and non-payment thereof after demand.

The answer was a general denial of the complaint, except as to the allegation of demand and non-payment.

Upon the trial, upon cross-examination of the plaintiff and upon the direct examination of the defendants, questions were asked for the purpose of showing that the money was given to the defendants under an agreement, by which they were to board and take care of the plaintiff and her sister, who were, respectively, the mother and aunt of the defendant William H. Tompkins.

This evidence was excluded upon plaintiff's objection, on the ground that it was inadmissible under the pleadings, and the exception to this ruling presents the question upon this appeal.

Under a general denial the defendant may contradict any evidence given by the plaintiff in support of the cause of action alleged in the complaint. (*Milbank* v. *Jones*, 141 N. Y. 340, and cases cited; *Roemer* v. *Striker*, 142 id. 134.)

He is not confined to a simple denial of the facts testified to on behalf of the plaintiff, but he may introduce any evidence which tends to show the transaction between the parties to be different from what the plaintiff claims it to be.

The plaintiff alleged and testified that the transaction with the defendants was a loan of money. Under a general denial defendants were entitled to show the agreement under which they claimed to have received it.

The cases cited by the respondent have no application. *Bassett* v. *Lederer* (1 Hun, 274) and *McKyring* v. *Bull* (16 N. Y. 297) were cases where defendants sought to prove payment under a general denial. This defense must always be pleaded. (*Lent* v. *N. Y. & M. R. R. Co.*, 130 N. Y. 504–511.)

*Weaver* v. *Barden* (49 N. Y. 294) was an action to compel the transfer of stock to the plaintiff. The court held that under a general denial defendant could not prove he was a *bona fide* purchaser of the stock, for the reason that that fact had no tendency to contradict any thing which plaintiff was bound to prove to sustain his case. These cases do not conflict with the rule here applied.

The judgment must be reversed and a new trial granted, with costs to abide the event.

PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment reversed and new trial granted, costs to abide the event.