(20 Misc. Rep. 355.)

## COLWELL v. DEVLIN.

### (Supreme Court, Appellate Term. May 27, 1897.)

JUDGMENTS—OPENING DEFAULT—DISTRICT COURTS OF NEW YORK.
    An order of a district court of New York City opening a default will be reversed unless it recites the grounds therefor, as required by Laws 1896, c. 748, though the statute also gives such courts a discretionary power in regard to opening defaults.

Appeal from Eighth district court.

Action by Augustus W. Colwell against Michael Devlin. From an order opening a default, plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Perkins & Jackson, for appellant.
Cantor & Van Schaick, for respondent.

PER CURIAM. The granting of an order opening a judgment taken by default, and permitting a defendant to come in and defend a district court action, must necessarily rest to a reasonable extent in the discretion of the justice presiding. Though such an order is reviewable by this court, and we might, on an original application, have been more exacting as to the reasons for judicial action, there is not enough in the record to establish a case where the discretion has been abused to a degree that calls for interference by an appellate tribunal. The order was made upon chapter 748 of the Laws of 1896 (amending section 1367 of the consolidation act), which provides that:

"The court or any justice holding the same, may at any time, upon motion made upon such notice as the justice may direct, open any default, and set aside, vacate or modify any judgment entered thereon, and set the cause down for pleading, hearing or trial, as the case may require, upon such terms and conditions as the court or justice may deem proper."

The act also requires that:

"An order of a justice opening a default and setting aside * * * a judgment entered thereon * * * shall recite and contain the grounds for the order."

As the power to make the order appealed from is derived from this statute, it must appear from the order made that the statute has been strictly complied with. In this instance the order does not recite and contain the grounds for the order, and they are left to mere inference or conjecture. For this reason the order appealed from must be reversed, with costs, and the cause remitted to the district court for the entry of the proper order on notice.