(23 Misc. Rep. 363.)

## THORNALL v. TURNER et al.

(Supreme Court, Appellate Term.    April 27, 1898.)·

**1. OPENING DEFAULT—SUFFICIENCY OF ORDER.**

Under Greater New York Charter, § 1369, rendering applicable to the municipal court the practice relating to orders opening defaults which obtained in district courts on December 31, 1897, such an order which does not recite and contain the grounds therefor is still fatally defective. Consolidation Act, § 1367, as amended by Laws 1896, c. 748.

**2. SAME—GROUNDS.**

Upon a motion by a defendant to open a default and set aside the judgment entered thereon in the municipal court of New York City, it appeared that defendant's default had been due to the serious illness of his wife, which resulted two days later in her death. *Held*, that this constituted a sufficient excuse for his absence.

**3. SAME—AFFIDAVIT OF MERITS.**

In the absence of compliance with General Rule 23, applicable, by section 1377 of the Greater New York charter, to the municipal court, and relating to the service and filing of an affidavit of merits, a motion to open a default and vacate a judgment must be denied.

**4. SAME—COSTS.**

Where an appellant succeeds in reversing an order opening a judgment of the municipal court, he is entitled to $30 costs.

Appeal from Tenth district court.

Action by Edward V. Thornall against Peter F. Turner and another. From an order opening a default in the municipal court, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Clarence E. Thornall, for appellant.

William G. McRae, for respondents.

GIEGERICH, J.   The plaintiff seeks a reversal of the order opening the default of the defendant Turner, and setting aside the judgment entered thereon, upon three grounds: First, that the order does not recite and contain the grounds for the granting thereof; second, that the moving papers fail to show a satisfactory excuse for the default; third, that an affidavit of merits was not presented.

As to the first point, it was held by the appellate term in Colwell v. Devlin, 20 Misc. Rep. 355, 45 N. Y. Supp. 850, that the power to open a default and set aside a judgment entered thereon in a district court action was purely statutory (Laws 1896, c. 748, amending Consolidation Act, § 1367); that it must appear from the order that the statute has been complied with; and that an order which does not recite and contain the grounds therefor is fatally defective. The section of the consolidation act referred to was not included in the Greater New York charter (see Birdeye's work on the latter subject, 44, 45). But, pursuant to section 1369 of said charter, the practice relating to the opening of defaults which obtained in district courts on the 31st day of December, 1897, applies to, controls, and governs the same in the municipal court and the branches thereof in each district. As the provisions of said act,

just referred to, are still in force, it follows that the principle of the decision in the last cited case is decisive of the question under consideration.

As to the second point, I am of the opinion that the absence of the said defendant was satisfactorily explained, the same being due to the serious illness of his wife, which resulted in her death two days later.

The third question presented relates to the filing of an affidavit of merits. Rule 23 of the General Rules of Practice, which applies to the municipal court (Greater New York Charter, § 1377), in part provides: "Where an affidavit of merits has once been filed and served no other shall be necessary, but on making a motion such service and filing must be shown by affidavit." This is in harmony with the prevailing practice requiring an affidavit of merits in order to open a judgment taken by default (1 Enc. Pl. & Prac. p. 352, and citations; Ludlow v. Coit, 3 N. Y. Law Bul. 102); and, not having been complied with in the present case, it follows that the order should be reversed for this reason, as well as for the defect therein heretofore pointed out.

There remains to be considered the question of costs. This question was carefully considered by the appellate term in Colwell v. Devlin, 20 Misc. Rep. 616, 617, 46 N. Y. Supp. 450, and again in Szerlip v. Baier, 21 Misc. Rep. 692, 694, 47 N. Y. Supp. 1081; and it was held that, where the appellant succeeds in reversing the order opening a judgment, he is entitled to $30 costs. A careful examination of the authorities induced by the strong plea made upon the argument by counsel for the respondent to be relieved from the payment of full costs on appeal, because of his client's misfortune and the smallness of the amount involved, but confirms the views expressed by the court in these cases, and from which it appears that we have no discretion in the matter.

For these reasons, to my mind, the order should be reversed, with costs, and the motion remitted to the court below for further hearing, to be brought on upon at least five days' notice, with leave to the defendant Turner to file and serve an affidavit of merits. All concur.