(23 Misc. Rep. 702.)

### WEINSTEIN v. FLAXMAN.

(Supreme Court, Appellate Term. June 6, 1898.)

MUNICIPAL COURT—OPENING DEFAULT—DEFECTIVE ORDER—APPEAL.

Although, under Laws 1896, c. 748, the failure of a justice of the municipal court of New York City to recite in an order opening a plaintiff's default, incurred through his failure to proceed with the trial, the grounds upon which it was made, would ordinarily call for a reversal, yet if, in his return, the justice fully sets forth such grounds, and it appears from his certificate and the papers that the order in question was prepared and submitted for his signature by the attorney for the defendant, who appeals from the same, the appellate term of the supreme court has power, instead of reversing, to modify the order by inserting the proper recital.

Appeal from Fourth district court.

Action by Louis Weinstein against Louis Flaxman. From an order opening plaintiff's default, defendant appeals. Modified and affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Abraham B. Schleimer, for appellant.

Joel Krone, for respondent.

PER CURIAM. This appeal is taken from an order made by the justice below opening the plaintiff's default, incurred by reason of his failure to proceed with the trial. The justice considered that the default was sufficiently excused, and we see no reason for disturbing his conclusion in that regard. It appears, however, that he has failed to recite in the order the grounds upon which it was made, as he is required to do by chapter 748 of the Laws of 1896. This would ordinarily call for a reversal. Colwell v. Devlin, 20 Misc. Rep. 355, 45 N. Y. Supp. 850. The justice, however, in making his return, fully sets forth such grounds, and further certifies that the order in question was prepared and submitted to him for signature by the attorney for the defendant, who now appeals from the same. The indorsement upon the back of the order also shows that it was prepared and submitted by him. This was a somewhat extraordinary proceeding, and might well be regarded as a waiver of the objection which has been made. But, without regard to that, we think we have the power and have concluded to modify the order by the insertion of a

recital embodying the statement made by the justice below of the grounds upon which he proceeded.

Order modified as above stated, and, as so modified, affirmed, without costs.