## SIMMONS v. WILDE.

(Supreme Court, Appellate Term. December 13, 1898.)

ACTION FOR GOODS SOLD—EVIDENCE—GENERAL DENIAL.

In an action by a wife for goods sold and delivered, evidence that defendant accepted the goods on an indebtedness of plaintiff's husband is admissible under a general denial.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Fanny Simmons against Theodore Wilde. From a judgment of the municipal court for defendant, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

J. M. Kohner, for appellant.
Schreiter, Van Iderstine & Mathews, for respondent.

GILDERSLEEVE, J. The pleadings are in writing. The complaint sets forth a cause of action for goods sold and delivered; while the answer is a general denial. It is the plaintiff's contention that she sold to defendant, through the latter's wife, as his authorized agent, some lace, linen, and a carpet, of the total value of $55, which defendant agreed to pay therefor. Defendant, on the other hand, maintains that he refused to take the carpet, and that he accepted the lace and linen on account of a debt of $62.25, owing to defendant by plaintiff's husband. On this conflict of evidence, the justice found for the defendant, and, although the testimony offered on defendant's behalf is somewhat hazy and indefinite, there is enough to sustain the finding of the justice.

The only question of law that requires notice is the one raised by plaintiff's motion to strike out defendant's testimony with regard to the indebtedness of plaintiff's husband, on the ground that it was not embraced within the issues, and could not be proved under defendant's general denial. We do not regard the point as well taken. Under a general denial contained in an answer, the defendant in the action may contradict any evidence given by the plaintiff in support of the cause of action alleged in the complaint, and he is not confined to a simple denial of the facts testified to in behalf of the plaintiff, but he may introduce any evidence which tends to show the transaction between the parties to have been different from what the plaintiff claims. See Tompkins v. Tompkins, 78 Hun, 220, 28 N. Y. Supp. 903. Under the state of facts disclosed in the case at bar, we do not think the cases of Milbank v. Jones, 127 N. Y. 370, 28 N. E. 31, Kelsey v. Western, 2 N. Y. 500, and Milbank v. Jones, 141 N. Y. 340, 36 N. E. 388, apply.

The judgment is affirmed, with costs. All concur.