(28 Civ. Proc. R. 420; 25 Misc. Rep. 695.)

### DAVIS v. SOLOMON et al.

(Supreme Court, Appellate Term. January 23, 1899.)

1. ATTORNEY—AUTHORITY—TERMINATION—SUBSTITUTION.
The authority of an attorney for a defendant ceases on the entry of judgment, and defendant may employ another on subsequent proceedings without an order of substitution.

2. JUDGMENT—OPENING DEFAULT—DISCRETION—REVIEW.
The discretion of the court in opening a default is reviewable, to determine whether it has been grossly abused.

3. SAME.
The appellate court may examine the papers on which an application to open a default is based, to see whether a legal foundation was laid for the order, and reverse it, if the affidavits are found insufficient within the law authorizing the application.

4. SAME—BURDEN OF PROOF.
The applicant to open a default must not only show reasonable grounds therefor, but the burden is on him to establish his good faith otherwise than by an affidavit of merits.

5. SAME—AFFIDAVIT BY ATTORNEY OR AGENT.
Though an attorney or agent specially authorized to defend may make an affidavit on an application to open a default, the reason why the party himself does not make it must be stated.

6. SAME—AFFIDAVIT OF MERITS.
A regular default will not be set aside without an affidavit of merits.

7. SAME—AFFIDAVIT BY PARTY.
Under the general rules of practice, No. 23, providing that when it is necessary, in an affidavit, to swear to advice of counsel, the party shall swear that he has fully stated the case to his counsel, an affidavit by the clerk of a lawyer that plaintiff had been advised in the matter is insufficient.

Appeal from city court of New York, general term.

Action by Solomon Davis, as treasurer, against Morris Solomon and others. A judgment by the general term of the city court of New York City (53 N. Y. Supp. 404) affirming an order granting a motion opening a default was affirmed, and plaintiff moves for a reargument.

Motion granted, and the orders of the special and general terms reversed, with leave to defendant Solomon to renew his motion on proper papers.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIE-GERICH, JJ.

Fromme Bros., for appellant.

M. B. Blumenthal, for appellee.

GILDERSLEEVE, J.   The special term of the city court granted an order setting aside a judgment taken upon defendant's default in answering "Ready" upon the call of the calendar.   The application for the order, as appears from the order to show cause, was made upon the pleadings and proceedings in the action, and upon the affidavits of two clerks in the office of Maurice B. Blumenthal, who appears for the defendant herein.   An appeal was taken from the order granting the motion to open the default to the general term of the city court, where the order was affirmed (53 N. Y. Supp. 404), and thence an appeal was taken to this court, where again the order was affirmed. The plaintiff thereupon applied for a reargument, which motion was granted, and thus we are again called upon to pass upon this appeal. The grounds urged in favor of the plaintiff are that the affidavits are made by two clerks in the office of a lawyer who is not the attorney of record for the defendant, that the papers upon which the motion was granted are insufficient, and that there is no affidavit of merits.   The defendant, on the other hand, claims that the order was discretionary, and not appealable to this court.

Previous to the taxing of the default and the entry of the judgment thereon, the defendant's attorney of record in this action was Herman Steifel.   The authority of Mr. Steifel, however, as attorney for defendant, ceased on the entry of the judgment; and the defendant, being at liberty to employ any other attorney to take such action in relation to the judgment and cause as he desired, without any order of substitution, retained, according to the affidavit presented, the services of Mr. Blumenthal, who accordingly appeared for the defendant on the motion to open the default.   See Egan v. Rooney, 38 How. Prac. 121; Cruikshank v. Goodwin (Sup.) 20 N. Y. Supp. 757; Lusk v. Hastings, 1 Hill, 656.   The first point, therefore, urged by the plaintiff (i. e. that Mr. Blumenthal was without authority), is not well taken.

The claim of the defendant that the order is not appealable requires discussion.   It is true that the granting of an order opening a default is within the discretion of the court below, and cannot be reviewed by this court, unless there has been a gross abuse of such discretion.   See Lawrence v. Farley, 73 N. Y. 187; De Llamosas v. De Llamosas, 62 N. Y. 619.   It is, however, the duty of this court to examine the papers upon which the application was based, for the purpose of seeing whether the legal foundation has been laid for the order opening the default. If the affidavits are not found to be sufficient to bring the case within the law authorizing the application, it is clearly the province of this court to reverse the decision of the court below.   See Burnell v. Coles, 23 Misc. Rep. 616, 52 N. Y. Supp. 200.

56 N.Y.S.—6

56 NEW YORK SUPPLEMENT
and 90 New York State Reporter.     (Sup. Ct.

With regard to the second point urged by the plaintiff (i. e. that the papers were insufficient), we may say that it is well settled that an applicant must not only show a reasonable ground for opening the default, but the burden is upon him to establish his good faith otherwise than simply by an affidavit of merits. See Deane v. Loucks, 58 Hun, 556, 12 N. Y. Supp. 903. In addition to the pleadings, which are not annexed to the return, and of which we have no means of judging, the motion was made upon two affidavits, both made by clerks in the employ of Mr. Blumenthal, one of whom swears that he overlooked the case on the day calendar published in the Law Journal on the day on which the default was taken; while the other swears that he is the managing clerk in the office of Mr. Blumenthal; that "the defendant has a substantial defense on the merits to the cause of action herein, as he has been advised by Mr. Blumenthal, who resides at No. 327 East Fourth street, New York City, as well as by me"; and he proceeds to state that "the defendant is ready to proceed with the trial of this action at any time the court may set." There is nothing in these affidavits to indicate good faith on the part of the applicant, unless it be the last clause above set forth. But the plaintiff urges that there is no proper affidavit of merits. In the absence of the party, an attorney or an agent specially authorized to defend may make the affidavit (see Geib v. Icard, 11 Johns. 82; Johnson v. Lynch, 15 How. Prac. 199); but the reason why the party does not make the affidavit must be stated (see Roosevelt v. Dale, 2 Cow. 581; Johnson v. Lynch, supra). In the affidavit in question there is no allegation to explain the failure of the defendant to make the affidavit; nor is there anything to indicate that the clerk who made the affidavit was a lawyer, or had any knowledge of the matter. Rule 23 of the general rules of practice provides that:

"Whenever it shall be necessary, in any affidavit, to swear to the advice of counsel, the party shall * * * swear that he has fully and fairly stated the case to his counsel, and shall give the name and residence of such counsel. When an affidavit of merits has once been filed and served, no other shall be necessary; but, on making a motion, such service and filing must be shown by affidavit."

There is nothing in the affidavits presented on this appeal to indicate that defendant has fully and fairly stated his case to his counsel, nor is there any mention of any affidavit of merits having previously been served and filed. A regular default will not be set aside without an affidavit of merits. See Allen v. Thompson, 1 Hall, 60; Alberti v. Peck, 1 How. Prac. 230. Mr. Fromme's affidavit, submitted on behalf of plaintiff, states that the action is upon a bond; but, in the absence of any pleadings, there is nothing before the court to indicate what, if any, defense the defendant may have to the action. See McGaffigan v. Jenkins, 1 Barb. 31.

We are of opinion that, in the absence of a compliance with the rule relating to the service and filing of an affidavit of merits, the motion to open the default and vacate the judgment should have been denied. See Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214. The papers upon which the application was granted are stated in the order to be the two affidavits above referred to, and the order to show cause based thereon. These papers were entirely insufficient.

The orders of the general and special terms must be reversed, with costs, and the motion to open default denied, with leave to defendant to renew his motion on proper papers.    All concur.