(26 Misc. Rep. 1.)

## GOLD v. HUTCHINSON.

(Supreme Court, Appellate Term. January 23, 1899.)

1. OPENING DEFAULT—SUFFICIENCY OF ORDER.

An order opening a default, and setting aside a judgment entered thereon in the municipal court, must recite the grounds on which it was granted.

2. SAME—AFFIDAVIT OF MERITS.

On an application to open a default, an affidavit that deponent is advised by his counsel that he has a good and sufficient defense on the merits is insufficient, under General Practice Rule 23, requiring the affidavit of merits in such case to show that defendant "has fully and fairly stated the case to his counsel."

3. SAME.

Such affidavit must show that defendant "has a good and substantial defense on the merits in this cause."

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Barnett Gold against George H. Hutchinson. From an order opening defendant's default, and setting aside a judgment entered thereon, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

Samuel I. Frankenstein, for appellant.
Thomas J. Malloy, for respondent.

GIEGERICH, J. The order opening the defendant's default is assailed, because (1) it does not recite and contain the grounds upon which it was granted; (2) that the motion papers presented to the justice below fail to disclose a sufficient affidavit of merits; and (3) that they fail to show a satisfactory excuse for the default.

The power to open a default, and set aside a judgment entered thereon in the municipal court, is purely statutory, and it must appear from the order that the statute has been complied with; and we must hold that, for a failure to meet this condition, the order in question is fatally defective. Colwell v. Devlin, 20 Misc. Rep. 355, 45 N. Y. Supp. 850; Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214.

One condition essential to the granting of an order opening a default is that an affidavit of merits must be filed and served, or, if this has already been done, that proof thereof be made upon the

motion. Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214. The moving affidavit of the defendant contains the only reference to what seems to have been intended as an affidavit of merits, and so far the allegation is: "That, as deponent is advised by his counsel, T. J. Malloy, of the borough of Brooklyn, the said defendant had a good and sufficient defense, upon the merits, to said action for conversion." This is insufficient, because it fails to state, in conformity with the requirements of rule 23 of the general rules of practice, that the defendant "has fully and fairly stated the case to his counsel," and such affidavit is also defective because it omits to allege that the defendant "has a good and substantial defense on the merits in this cause," etc. Bank v. Gill, 23 Hun, 406. See 1 Enc. Forms, pp. 672, 673; 2 Abb. Forms, p. 692. The following averments have been held not to be a compliance with the rule and practice last set forth, viz.: "That the defendant has a good and substantial defense to the bond" (Meech v. Calkins, 4 Hill, 534); "that they have a good and substantial defense upon the merits in the above-entitled cause to the promissory note on which the action is brought," etc. (Durant v. Cook, 1 How. Prac. 45); "that he has a good, valid, and sufficient defense upon the merits in the above-entitled cause to the plaintiff's declaration filed in this suit" (Howe v. Hasbrouck, Id. 68); "that the said defendants have a good and substantial defense upon the merits to the plaintiff's demand on the promissory note, on which this action is brought" (Mason v. Moore, 2 How. Prac. 70); that "each of the defendants had a good and valid defense to the whole of the plaintiff's claim as set forth in said complaint upon the merits thereof," etc.; and that the defendant Mrs. Gill has a ".valid defense upon the merits to the whole of plaintiff's claim herein," etc. (Bank v. Gill, supra). Testing the sufficiency of that portion of the affidavit under review in the light of the foregoing rule and adjudications, it must be held that the same is wholly insufficient.

The explanation given by the defendant for his failure to appear upon the return of the summons was, to my mind, satisfactory; and, in view of his poverty, there was no abuse of discretion in opening the default without terms.

It results from the views above expressed that the order must be reversed, with costs, and the proceedings remitted to the court below for further hearing to be brought on upon at least five days' notice, with leave to serve an affidavit of merits. All concur.