(29 Misc. Rep. 341.)

STIVERS v. RITT et al.

(Supreme Court, Appellate Term. October 25, 1899.)

1. NOTICE OF APPEAL—SUFFICIENCY.

Under Code Civ. Proc. § 1300, providing that a notice of appeal from an order must be to the effect that appellant "appeals" from the order or some part thereof, a notice of appeal from two orders entered April 21st and April 24th, respectively, which is in the usual technical form so far as the order of April 24th is concerned, followed by a statement to the effect that appellant "intends to bring up for review, upon the appeal from the said

order, the order made herein on April 21st as aforesaid," is sufficient to bring up both orders for review.

2. JUDGMENT—OPENING DEFAULT—MUNICIPAL COURT OF NEW YORK CITY.
Under Consol. Act, § 1367, as amended by Laws 1896, c. 748, requiring that an order opening a default "shall recite and contain the grounds for the order," an order of the municipal court of New York City, opening a default, which fails to state the grounds therefor, is invalid.

3. SAME—DEPOSIT OF AMOUNT OF JUDGMENT.
Under Laws 1896, c. 748, permitting the municipal court of New York City to open defaults upon such terms as the court "may deem proper," but restricting this general language to costs not exceeding $10, and to the giving of an undertaking to the effect that defendant will not hinder the collection of plaintiff's claim, and will pay any judgment recovered, the court cannot, as a condition for opening a default, require the deposit in court of the amount of the judgment rendered.

Appeal from municipal court, borough of Manhattan, Sixth district.

Action by Rufus M. Stivers against James Ritt and others. From orders opening a default, defendant Ritt appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN, and LEVENTRITT, JJ.

Isidor Cohn, for appellant.
I. Albert Englehart, for respondent.

LEVENTRITT, J. The defendant (appellant) was sued as the indorsee of a promissory note. On the return day of the summons he interposed a demurrer, which was forthwith overruled; leave, however, being given to answer over. The defendant suffered a default judgment to be entered, and then made an application to have the default opened and set aside. This was granted, and an order was entered thereon, dated the 21st day of April, 1899, requiring as a condition the payment of $10 costs, and the deposit in court of the amount of the judgment rendered against the defendant (appellant). The order did not recite the grounds on which it was granted. Subsequently the plaintiff (respondent) made an application for the modification of the order opening the default by striking out the provision requiring the payment into court of the amount of the judgment, and inserting in lieu thereof a requirement that the defendant James S. Ritt give an undertaking with two sufficient sureties, as provided for by section 1367 of the consolidation act. This application was likewise granted, and an order was thereupon entered on the 24th day of April, 1899, but this order likewise failed to recite the grounds on which it was based.

From these several orders the defendant seeks to appeal, and the first question presented is whether his notice of appeal is effective to bring both orders under review. The notice of appeal is in the usual technical form, so far as the order of April 24th is concerned, and, after specifically setting out an appeal from each and every part of that order, proceeds:

"And you will further please to take notice that the said defendant and appellant, James S. Ritt, intends to bring up for review upon the appeal from the said order the order made herein on the 21st day of April, 1899, as aforesaid."

Under the authorities, this is a sufficient compliance with section 1300 of the Code. In Pfeffer v. Railway Co., 4 Misc. Rep. 465, 24 N. Y. Supp. 490, the court, considering almost identical language, say:

"The notice specified distinctly the order, and, if the word 'appeal' had been substituted for 'intends,' the notice would be strictly within the section, although happier phraseology could have been used. It is enough to say that the intention is apparent, plaintiff has not been misled, and, in effect, it is a notice of appeal from the order."

To the same effect is Hymes v. Van Cleef (Sup.) 15 N. Y. Supp. 341.

Both orders, then, being before us, their sufficiency and validity must be determined. A fundamental defect in each is the omission to state the grounds on which they were severally granted. The mandatory provisions of the law requiring this recital must be complied with, to render such an order valid. Section 1367 of the consolidation act, as amended by chapter 748 of the Laws of 1896, and as made applicable to the practice in the municipal court by section 1369 of the Greater New York charter, requires that "an order of a justice opening a default * * * shall recite and contain the grounds for the order." Numerous decisions support the view that failure to state the grounds is fatal to the validity of the order. Colwell v. Devlin, 20 Misc. Rep. 355, 45 N. Y. Supp. 850; Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214; Popkin v. Friedlander (Sup.) 51 N. Y. Supp. 398; Manufacturing Co. v. Catherine, 25 Misc. Rep. 338, 55 N. Y. Supp. 475.

Furthermore, so far as the first order is concerned, the justice transcended his power, in exacting a deposit of the amount of the judgment. Chapter 748 of the Laws of 1896, already referred to, permits defaults to be opened "upon such terms and conditions as the court or justice may deem proper," but subsequently restricts this general language to the imposition of costs not exceeding $10, and, in a proper case, to the giving of an undertaking with sufficient sureties to the effect that the defendant will not sell, assign, or transfer any of his property, with intent to hinder, delay, or defraud the plaintiff in the collection of his claim or demand, and that the defendant or his sureties will pay the amount of any judgment recovered in the action. This construction of chapter 748 has been adopted by this court. Schwartz v. Schendel, 24 Misc. Rep. 701, 53 N. Y. Supp. 773. The obvious purpose of the order of April 24th was to correct the error in the order of April 21st, but it did not accomplish the object, owing to the omission already adverted to. It follows that both orders must be reversed.

Orders reversed, and a rehearing ordered, with costs to appellant to abide the event. All concur.