(30 Misc. Rep. 429.)

### CAHILL v. LILIENTHAL (two cases).

(Supreme Court, Appellate Term. February 8, 1900.)

1. JUDGMENTS—DEFAULT—MOTION TO SET ASIDE.
   On motion to set aside a default, the affidavit must show that an affidavit of merits has been filed, and that manifest injustice has been done the defendant.

2. SAME—JUDGMENT.
   An order setting aside a default, and vacating a judgment entered thereon, which does not state the grounds upon which the same is granted, is invalid.

3. APPEAL—REVERSAL—EFFECT.
   Where, after an order setting aside a default and judgment against a defendant, the parties proceed to trial upon issues joined, without prejudice to an appeal taken by plaintiff from said order, and judgment is rendered in favor of defendant upon the merits, from which plaintiff also appeals, a reversal on appeal from the order setting aside the default restores the judgment vacated, and, as a consequence, the judgment appealed from must also be reversed.

Appeals from municipal court, borough of Manhattan, Seventh district.

Actions by Susanna V. Cahill, plaintiff, against Louis Lilienthal, defendant. From a judgment opening a default judgment against defendant, and from a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

John Delahunty (S. P. Cahill, of counsel), for appellant.
Erdman, Levy & Mayer, for respondent.

FREEDMAN, P. J. The plaintiff herein first appeals from an order made and entered on the 28th day of July, 1899, setting aside the default of the defendant, and vacating a judgment entered in favor of the plaintiff. The order was granted upon an affidavit made by one of the attorneys for the defendant, and both the order and the affidavit are fatally defective. The affidavit contains no statement that an affidavit of merits was ever made or filed in the action, nor does it show that manifest injustice has been done the defendant by the taking of the judgment which is sought to be vacated. Upon a motion made to open a default, these are essential requirements, and cannot be disregarded. Langbein, Mun. Ct. Prac. 286, and cases there cited. The order opening the default and vacating the judgment is invalid, for the reason that it does not state the grounds upon which the same was granted. Stivers v. Ritt (Sup.; Oct., 1899) 60 N. Y. Supp. 507. The order must therefore be reversed.

After the order aforesaid was made and filed, and after an appeal had been taken therefrom by the plaintiff herein, the parties proceeded to a trial of the issues. At the beginning of the trial it was conceded in open court that the plaintiff went to trial without prejudice to her rights under the appeal taken from the order above mentioned, and from a judgment rendered in favor of the defendant the plaintiff again appeals. As the order vacating the first judgment was invalid, the reversal of the order restores the judgment which it vacated, and it follows that the judgment appealed from must therefore be reversed.

Order reversed, with costs, and judgment appealed from reversed, with costs. All concur.