(117 App. Div. 425)

## BISHOP v. HUGHES.

(Supreme Court, Appellate Division, First Department. February 8, 1907.)

1. PROCESS—SUBSTITUTED SERVICE—GROUNDS.

Plaintiff made diligent efforts to serve the summons on defendant, but without success. Knowledge of the whereabouts of defendant was persistently refused to those seeking to serve the summons. Held, that an order for substituted service was regular.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Process, § 87.]

2. JUDGMENT—EXCUSABLE DEFAULT.

An order for substituted service of summons was granted June 6th. On June 11th the service was made, and on the day following a copy of the summons and complaint was mailed to defendant at his post-office address. The copy was received July 7th following, and the same was sent to his attorney, who admitted receiving the same, but alleged that he had difficulty in communicating with defendant, who was absent in the Catskill Mountains. A default judgment was entered July 20th. Held, that the default was without excuse within Code Civ. Proc. § 445, authorizing a defendant on good cause shown to defend after final judgment; for, if there was any difficulty in communicating with defendant, the attorney could have obtained time to answer.

3. SAME—SETTING ASIDE DEFAULT—PROPOSED ANSWER—SUFFICIENCY.

Where, on a motion to vacate a default judgment, the proposed answer, made a part of the motion, did not set forth a defense, and on the conceded facts there was no defense, defendant should not be allowed to defend.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 317, 318.]

4. INJUNCTION—REMOVAL OF PERSONALTY STORED ON REALTY—RELIEF.

Where an owner of personalty stored the same on the realty of another, and failed to remove the same when demanded to do so by the owner of the realty, after the termination of the right to store the same thereon, the remedy of the owner of the realty was to apply for an injunction to compel the removal.

5. JUDGMENT—DEFAULT—SETTING ASIDE.
    Where the evidence justifying a default judgment for damages in an action for failure to remove personalty stored on plaintiff's realty was not satisfactory, defendant, moving to set aside the default, was entitled to an opportunity to defend the claim for damages.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, § 338.]

Appeal from Special Term, New York County.

Action by Clenan Bishop against William Hughes. From an order denying a motion to vacate a judgment entered by default on substituted service of summons, or to open such default, defendant appeals. Conditionally affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Wayland E. Benjamin, for appellant.

Paul Armitage, for respondent.

INGRAHAM, J. We think the order for substituted service was regular; it appearing that the plaintiff had made diligent efforts to serve the summons upon the defendant, without success, and that knowledge of the whereabouts of the defendant was persistently refused to those seeking to serve the summons, and that, therefore, the judgment entered upon the failure to appear and answer was regular. The order for substituted service of the summons was granted on June 8, 1906, and on June 11, 1906, the service was made, and on the 12th of June, 1906, a copy of the summons and complaint was mailed to the defendant at his post-office address in the city of New York. The defendant's manager admits that he received a copy of the summons and complaint on July 7th, and it was sent to the defendant's attorney, who now appears. The defendant's attorney admits receiving the summons and complaint in July, but alleges that he had difficulty in communicating with the defendant, who was then absent in the Catskill Mountains; but it is a little difficult to see why there should have been any difficulty in communicating with defendant at that place. At any rate, the judgment was not entered until the 20th of July, at which time the defendant had neither appeared nor answered. If there was any difficulty in communicating with the defendant, the attorney could have appeared and obtained time to answer. The default was thus entirely unexcused. Section 445 of the Code of Civil Procedure provides that:

"The defendant, or his representative, must, in like manner, upon good cause shown, and upon just terms, be allowed to defend, after final judgment, at any time within one year after personal service of written notice thereof; or, if such a notice has not been served, within seven years after the filing of the judgment roll."

The proposed answer is made a part of the motion papers; but if, upon the conceded facts, there was no defense to the action, we do not think that the defendant should have been allowed to defend. We think it clear that the plaintiff was entitled to the injunction. It appeared without contradiction that personal property of the defendant had been left upon property belonging to the plaintiff, and that after the 31st of January the defendant had no right to continue to use the plain-

tiff's real property to store these articles of personal property, and that, when the demand was made, the defendant was bound to remove them. The plaintiff could not destroy defendant's property without subjecting himself to a claim by the defendant for its value, and no way is suggested by which the plaintiff could get rid of this property except by compelling the defendant to remove it, and, as he had failed to remove it when the plaintiff demanded that he should, the plaintiff's only relief was an application to a court of justice to compel its removal. The plaintiff, therefore, had a right to apply for this injunction, and upon the conceded facts was entitled to it.

The plaintiff also asks to recover $1,000 damages caused by the defendant's failure to remove the property, and as to those damages a good defense is interposed. The plaintiff had obtained judgment against the defendant for $500. The evidence before the referee justifying a judgment for this amount is not satisfactory, and, if the plaintiff insists upon enforcing this claim for damages, the defendant should have an opportunity of defending that claim. If, however, the plaintiff is willing to waive his damages, it is quite clear that there will be nothing to try, and the court was justified in denying the motion.

Our conclusion is that, if the plaintiff will stipulate to strike out of the judgment the provision awarding him damages, the motion should be denied, with $10 costs and disbursements. If, however, the plaintiff insists upon his claim for damages, then the order appealed from should be reversed and the motion granted upon payment by the defendant to the plaintiff of $65 the taxed costs and disbursements, the judgment already entered to stand as security until the final trial of the action, without costs of this appeal to either party. All concur.