### ZIEGLER v. SMITH.

#### (Supreme Court, Appellate Term. March 5, 1909.)

1. JUDGMENT (§§ 143, 145*)—DEFAULT—SETTING ASIDE—AFFIDAVIT OF MERITS.

   The taking of an inquest on default and the entering of judgment are not mere idle ceremonies, to be set aside on terms for the mere asking; but a defendant, who seeks to be relieved from his default, must show a reasonable excuse for his neglect, and must show prima facie a meritorious defense, before he becomes entitled to the favor of the court.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 293; Dec. Dig. §§ 143, 145.*]

2. JUDGMENT (§ 106*)—DEFAULT—GROUNDS—FAILURE TO PLEAD.

   In an action on an assigned claim for services, in which the pleadings are unverified, defendant is properly defaulted for failure to file and serve an affidavit of merits, as provided by rule 28 of the general rules of practice.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 180; Dec. Dig. § 106.*]

3. JUDGMENT (§ 143*)—DEFAULT—EXCUSES.

   In an action on an assigned claim for services, the oversight of the clerk of defendant's attorney in failing to serve an affidavit of merits, the want of which resulted in the default judgment, is a sufficient excuse to set aside the default where plaintiff is not injured, and is solvent, and the imposition of costs will compensate him for the expenses of the inquest.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 284; Dec. Dig. § 143.*]

4. PLEADING (§ 382*)—GENERAL DENIAL—EVIDENCE ADMISSIBLE.

   Under a general denial, the defendant may controvert by the evidence anything which the plaintiff is bound to prove in the first instance to make out his cause of action, or anything that he is permitted to prove for that purpose under the complaint, and may introduce any evidence which tends to show the transaction between the parties to be different from what the plaintiff claims it to be.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1280; Dec. Dig. § 382.*]

5. PLEADING (§ 382*)—GENERAL ISSUE—EVIDENCE ADMISSIBLE.

   In an action on an assigned claim for services rendered by the assignor, under a general denial defendant may show that the assignor did the work as a consideration for defendant's aid in procuring him a position, and that no charge was to be made for such work.

   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1280; Dec. Dig. § 382.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Samuel Ziegler against Charles E. Smith for services. From an order granting defendant's motion to open his default, plaintiff appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and DAYTON, JJ.

Joseph L. Frieder, for appellant.

Saitta & Thiele (Geo. A. Baker, of counsel), for respondent.

PER CURIAM. The action is on an assigned claim for work, labor, and services performed under a contract of employment between the defendant and plaintiff's assignor. An unverified complaint, was served on defendant on November 11, 1908. An unverified answer was interposed on November 17, 1908. An inquest was taken on December 8, 1908, and judgment entered thereon. Defendant made a motion to open the default and set aside the judgment, which motion was denied, with leave to renew. Defendant renewed the motion, which motion was granted on payment of costs. Plaintiff appeals.

An affidavit of merits had been served and filed before the motion was made, and the answer is a general denial. It would appear from the affidavits that defendant does not deny that plaintiff's assignor did work upon defendant's books; but defendant, apparently, seeks to resist plaintiff's claim on the ground that plaintiff's assignor did the work in consideration of defendant's procuring a position for him with a certain corporation. It is true that the taking of an inquest and the entering of a judgment thereon are not more idle ceremonies, to be set aside on terms for the mere asking; but a defendant, who seeks to be relieved from his default, must show a reasonable excuse for his neglect, and must show prima facie a meritorious defense, before he becomes entitled to the favor of the court. Clews v. Peper, 112 App. Div. 430, 98 N. Y. Supp. 404; Dana v. Thaw, 56 Misc. Rep. 612, 107 N. Y. Supp. 870; Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214; Bishop v. Hughes, 117 App. Div. 425, 102 N. Y. Supp. 595. The pleadings, as above stated, were unverified, and the inquest was taken on the ground of defendant's failure to serve and file an affidavit of merits, which filing and serving are the required procedure in an action at law where the answer is unverified. Rule 28, General Rules of Practice; Devlin v. Shannon, 8 Hun, 531.

The first motion was denied on the ground of the insufficiency of the moving papers, as a proper affidavit of merits was essential to support an order opening such default. Thornall v. Turner, 23 Misc. Rep. 363, 51 N. Y. Supp. 214; Davis v. Solomon, 25 Misc. Rep. 695, 56 N. Y. Supp. 80. The defendant's excuse is the oversight of his attorney's clerk, which, under the circumstances, seems sufficient, and it would hardly be just to deprive defendant of his day in court, if he has a meritorious defense to plaintiff's claim. No great hardship is imposed on plaintiff by opening the default. The defendant is responsible financially, and the costs imposed as a condition of open-

ing the default seem to be a reasonable recompense for plaintiff's trouble in taking the inquest, under the circumstances disclosed.

So far as the sufficiency of the answer is concerned, the rule is that under a general denial the defendant may controvert by the evidence anything which the plaintiff is bound to prove in the first instance to make out his cause of action, or anything that he is permitted to prove for that purpose under the complaint; and defendant is not confined to a simple denial of the facts testified to on behalf of the plaintiff, but he may introduce any evidence which tends to show the transaction between the parties to be different from what the plaintiff claims it to be. Milbank v. Jones, 141 N. Y. 345, 36 N. E. 388; Tompkins v. Tompkins, 78 Hun, 220, 28 N. Y. Supp. 903. Under the general denial in the answer in suit, defendant could show that plaintiff's assignor did the work on defendant's books as a consideration for defendant's aid in procuring him a position, and that no charge was to be made for such work.

Some objection is made to the form of the order; but plaintiff is at liberty to move to resettle it, if its provisions as to restoring the case to the calendar are not sufficiently definite.

The order should be affirmed, but without costs of the appeal to either party.