## SUPREME COURT.

### ELLIS agt. JONES, Sheriff, &c.

A defendant who seeks to open a judgment, which he has suffered voluntarily and under the advice of counsel, must show the court specifically, what in his defence consists; general allegations will not answer.

A *formal* affidavit of merits under rule 39, should be made on such a motion. An affidavit of merits is defective which states that the defendant has stated *" his case in this cause"* to his counsel, instead of *" the case,"* as required by rule 39. Such a statement is not equivalent to the statement that *" he has stated his case"* generally.

The particular *grounds* of a motion should appear plainly, either by the notice of motion or the affidavits.

*Oneida Special Term, December* 1851. Motion to open a judgment by default, and to be permitted to answer.

S. B GARVIN, *for Motion.*

T. H. FLANDRAU, *Opposed.*

GRIDLEY, Justice.—This motion must be denied—

1. The judgment is regular, and was entered against the defendant by default, on the advice of counsel taken by the defendant, that he had no defence, upon a full knowledge of all the facts. Now, to set aside this judgment, so entered, and permit the defendant to come in and plead to the action, should not be allowed without a full and clear affidavit, explaining on what particular ground his defence rests, and the nature of his counsel's mistake. In an ordinary case, I am of opinion that an affidavit of merits, which

satisfies the 39th rule of this court, is sufficient; though it has been held in no less than three reported cases, that an affidavit of merits, under the Code, should state the special facts of the case, as was the practice in chancery. But I had occasion to say in Dix agt. Palmer (5 *Howard*, 236), that when there were any circumstances of a suspicious character, which raised a presumption against the defence, the affidavits should set forth the special facts of the transaction, and show the court *in what* the defence consists. I think this is a case requiring the facts to be set out. His counsel, on a full view of all the facts, advised him once that he had no defence; and it is impossible to resist the conclusion that the only circumstance that has created a doubt in his mind of the soundness of that advice, was the ruling of the circuit judge in another case; a ruling in which he has not acquiesced, but has taken measures to review. But it by no means appears that he has any defence, even if that ruling was right. There were three grounds on which the nonsuit was asked for in that other case, and that decision may be correct, and yet the defendant in this suit have no defence at all. Where a defendant has suffered a judgment voluntarily, and by advice of counsel, he must show the court what in his defence consists, when he asks to have the judgment opened. He should not be allowed to do this upon any general or uncertain allegations. But,

2. I do not think there is *any valid affidavit of merits* here. Swearing to a *defence*, as it is done in the principal affidavit, has been held insufficient in McMurray and Thomas agt. Gifford (5 *How. Pr. R.* 14), under rule 39; and the *formal affidavit* of merits is defective in the particular that the defendant swears that he had stated " *his case in this cause*" to his counsel, instead of stating " *the case*," as required by the 39th rule. It has been held that an allegation that " *he had stated his case*" generally, was equivalent to a statement of the " whole *case*" (22 *Wend.* 636); but a statement of " *his defence*," or " the *facts of his case*," has been held insufficient (2 *Hill*, 539). Now a statement of " *his case in this cause*" can mean no more than a statement of the facts on his side of the cause, or in other words, *his defence* (19 *Wend.* 617).

3. A third objection is that there is no *certain ground* of this

motion stated in the notice, nor in the affidavit and judgment roll; one may look through all the papers, and still be at loss to know on what ground, in particular, he seeks to open this judgment. Motions have often been denied for this cause. This motion is denied, with ten dollars costs, but without prejudice to a new application.