Barbour, J.
The moving party in this.case states in his affidavit that he is not the defendant named in the summons, ór any other of the papers in the judgment roll, the name given to the defendant there being different, essentially, from his own, and also that he was never served with the summons or complaint, and indeed had no knowledge of the commencement or existence of the action until July last. He does not deny that the plaintiff held the two notes, nor does he produce the usual affidavit of merits, although he says he “has” (in the present tense) “a good defense to such claim and notes, as he is advised and verily believes.”
Even if he had succeeded in establishing the fact that the name of the defendant, as written in the summons and all the other papers, so essentially differed from his own that the one could not well be taken for the other, as well *472 as that he had not been served with the summons, it is difficult to see how he could be injured or prejudiced by the judgment, or why he should have an order setting it aside. An examination, however, of several letters written by him about the time the judgment was entered, has convinced me that his signature contains all the letters, in the same order, and substantially in the same form and relative size, as those used in the summons and pleading to designate the defendant; the only essential difference being that in such signatures a period follows the initial “ GL,” while in the summons, &c., such point or period is omitted.
The motion before the court is exceedingly important to the parties, inasmuch as the ultimate decision upon.it must determine, absolutely and finally, the right of the plaintiff to collect the amount of the judgment, or of the defendant to avoid payment of the notes by availing himself of the statute of limitations, in case it shall be held that the summons was never served.
The defendant cannot, upon this motion, avail himself of any objection to the judgment on the ground of irregularity. For, first, he does not, in his notice of motion, nor even in his affidavit, suggest any irregularity, nor advise his opponent that he will apply to have the judgment opened for such reason; but, on the contrary, his notice is that he will move to vacate and set aside the judgment as null and void, upon the ground that no jurisdiction was ever acquired by the court by the service of a summons. (See Rule of Courts, 39; Ellis v. Jones, 6 How. Pr. 296; Mills v. Thursby, 11 id. 115; Schlemmer v. Myerstein, 19 id. 412; Pattson v. Bacon, 12 Abb. 142.) Second. More than sixteen years have passed away since this judgment was entered ; while a motion to set aside a judgment for a mere technical irregularity must, by statute, be made within one year from its entry. (2 R. S. 359, § 2. Cook v. Dickerson, 1 Duer, 679. Dederick v. Richley, 19 Wend. 108. Van Benthuysen v. Lyle, 8 How. 312. Whitehead v. Pecare, 9 id. 35.) And a motion based upon an irregularity not merely tech *473 nical, will not be granted if made after a great and unreasonable lapse of time. In Soulden v. Cook, (4 Wend. 217,) where a wrongly entitled notice of appearance of the defendant was disregarded, and judgment entered by default, and the defendant rested easy for ten years, under the belief that the plaintiff had been non-prossed, and then moved to open the judgment, the court held he was too late.
In this case, the only irregularity that can be claimed consists in the entry of the judgment by the clerk, without an affidavit showing the particular place in the city of Hew York where the summons was served, and that a copy of such summons was left with the defendant, as was then required by the 18th rule of the courts. That, certainly, was a mere technical irregularity, which, no doubt, would have entitled the defendant to an. order opening the judgment, if moved for within a year after such judgment was entered. But the plaintiff could immediately thereafter have entered judgment anew for want of answer, &c., upon presenting a proper affidavit of service, unless, upon reasonable excuse shown by the defendant for his failure to answer within the twenty days from the service of the complaint, the court should permit him to answer within further time granted him. But as no motion was made to open the judgment for the irregularity within one year after it was entered, a subsequent motion is barred by the statute above referred to.
The only remaining question in the case is, whether the court obtained jurisdiction of the action by the service of a summons ; for, if not, the judgment must be set aside; the motion not being barred by lapse of time, however extended. (Hallett v. Righters, 13 How. 43.)
The affidavit of service of the summons and complaint, upon which the judgment was entered by the clerk, under § 246 of the Code, states, simply, that the affiant, “ on the 1st of December, 1849, at the city of H"ew York, served a copy of the annexed complaint, with a summons of which a copy is also hereto annexed, on Gr. dema Carty, the defendant, in this cause, by delivering the same to Grdema *474 Carty, such defendant, personally.” The affidavit, it will be observed, does hot state the particular place in the city of New York where the service was made, nor that the person making such service knew the party served to be the defendant described in the papers, nor that he left copies of the papers with the person so servedand, therefore, does not comply with the provisions of court rule No. 18, which went into operation on the 1st of September next prior to the service, and which declares that it shall be necessary for any person, other than the sheriff, to state in his affidavit of service those three facts.
The question, then, is whether the affidavit of service, not containing all that is required by the 18th rule, which, if valid, is a part of the law for the government of the courts, (Code, § 470,) nor made for the purposes of this motion, can be read in evidence to establish the fact that the summons was served upon the defendant in the city of New Yoi’k.
An action is commenced by the service of a summons, (Gode, § 127,) and such service may be made by a sheriff) or any other person, not a party to the action. [Id. § 133.) Section 134, subd. 4 of the Code, declares that a summons shall be served by delivering a copy thereof to the defendant personally; section 138 provides that proof of the service shall be made, in cases like this, by the affidavit of the person making the same, stating the time and place of the service; and section 246 provides that, in case the defendant fails to answer the complaint, the plaintiff may file with the clerk proof of personal service of the summons and complaint, and that no answer has been received, and directs that the clerk shall thereupon enter judgment for the amount mentioned in the summons.
It will readily be perceived from the facts hereinbefore stated that the plaintiff filed all the proofs required by the letter of the Code to entitle him to a judgment, and that it was the imperative duty of the clerk to enter such judgment on those proofs, with the summons and complaint, *475 unless the provisions of the Code in this regal’d are to be considered as changed or modified by rule eighteen.
I should be slow to believe that the legislature designed, by the 470th section of the Code, to confer upon the judges of the Supreme Court, the justices of the Superior Court, and the judges of the Court of Common Pleas, the power, by a general court rule, to annul and abrogate the plain and express enactments of the Code itself, in relation to the proof of service of a summons, (§ 138,) and, by consequence, in regard to the duty which the clerk is imperatively required to perform by section 246, subd. 1. But, in the view I take of the matter, it is not necessary to consider that question for the purposes of this motion.
Conceding that the proof of service of a summons since the adoption of rule 18 must show all that is required by that rule, in addition to the requirements of the statute, I see no reason why the facts required by the Code itself may not be embodied in one affidavit, and the additional ones in another. The primary and ultimate object and-intention of the judges, as well as the legislators, must have been to declare what facts were necessary to be proven and should be deemed sufficient, and to provide that such facts should be proved by affidavit; and the question as to whether such facts should all be embodied in one, or embraced in two or more affidavits, probably, never entered into the contemplation of either body.
If I am right in this proposition, it follows that the affidavit of service in this action was properly filed and incorporated in the judgment roll by the clerk as proof of the facts stated in it, although other and, perhaps, essential facts remained unproven. It is, therefore, evidence which may be used upon this motion, to prove the jurisdictional fact that the summons was served upon the defendant in the city of Hew York; although, possibly, it did not prove all that was necessary to authorize the clerk to enter judgment without a technical irregularity.
The question before the court, then, being not a question *476 of regularity or irregularity, but simply as to whether the summons was served upon the defendant within this city so as to give the court jurisdiction of the action, the motion to set aside the judgment for want of jurisdiction must be denied, unless the defendant has succeeded in disproving the statements contained in the affidavit of service; and, upon careful consideration, I have arrived at the conclusion that he has failed to do so. Eor, although the defendant swears positively that he never was served with the summons or complaint, and had no knowledge, until recently, that a judgment had heen obtained against him, a person whose affidavit was read, on the part of the plaintiff, at the hearing, testifies that, as agent of the plaintiff, he collected from the defendant $1590, in November, 1850, and that the same was paid by the latter to him, upon the express agreement and understanding that it was to be applied upon, and in part payment of the judgment in question. Besides this, the sheriff’s officer to whom an execution on this judgment was delivered, states, in his affidavit, his memory being aided by his own memorandum, made at the time, upon the execution itself, that he went to the bank where the defendant was then employed as a clerk, and conversed with some one in regard to such execution, and returned the same nulla bona, upon the information there received; although he does not now remember the appearance of such person sufficiently well to be able to identify him. These affidavits, with the affidavit of service, made at the time, overbalance, it appears to me, the denial of the defendant that he was served, or that he made a paymént upon the judgment, or talked with the sheriff’s officer upon the subject of the execution, and lead to the conclusion that the defendant has now, after sixteen years have passed away, forgotten the facts; more especially, as he himself states, in an affidavit, in connection with the subject of the payment of the $1590, that his duties in the bank were “very arduous, ánd required and received his entire attention; that he had no time to devote to his own business, and *477 every casual remark made to him during bank hours, foreign to his duties, could not be expected to be understood or remembered.”
The motion must be denied, with $10 costs.
From the order denying the motion, the defendant appealed to the general term.
H. Hendrickson, for G. de ma Carty, appellant.
D. Marvin, for C. T. Moulton, respondent.
Bv the Court, Robertson, Ch. J.
The motion, from the order denying which the present appeal is taken, was made on behalf of Mr. Gustave de ma Carty to vacate a judgment obtained by the respondent (Charles T. Moulton) against one Gdema Carty. Such judgment was entered up in 1849 against the defendant in the action in which it was obtained, upon the affidavit of a service, at the city of ¡New York, of a summons and complaint upon “ Gdema Carty, the defendant” in that cause, by delivering the same to him personally. The defendant in such action is named “ Gdema -Carty” in all the proceedings therein, and not Gustave de ma Carty.
I do not see how this court could interfere to grant any relief in such action to the appellant, unless, besides a failure to serve him with process in such action, he were actually the defendant, and properly named as such therein. A judgment against an individual as a defendant, by a name which was not, in judgment of law, his, could not be enforced against him. ¡Nor is a judgment in an action, the defendant in which has, in all the proceedings therein, a different name from that of a particular person, of any avail against him, even if entered up against him by his right name, although process in such action was served upon him, his name not being that of the defendant named in such process; because, unless he appeared, no jurisdiction over him was obtained thereby. Farnham v. Hildreth, 32 Barb. 277, and cases cited.)
*478 In order to entitle the appellant to any relief, therefore, on his application, he was bound to admit that he was the defendant named in such action, and place his claim to relief solely upon the ground of non-service of the summons. The affidavit of Nettleton (who is now dead) was direct and positive to such service as made in December, 1849; the denial of the appellant is equally positive. But the presént application is made nearly sixteen years after the entry of such judgment, and there is room for forgetfulness in that' time. The appellant denies that he ever knew of the existence of such judgment, or the taking of any legal proceedings against him, until the receipt of a letter from the respondent’s agents, in July, 1865. In November, 1850, he paid the respondent’s agents a certain sum ($1590) on account of the claims of the latter’, and took a receipt therefor, which he alleges he has lost. Another witness, a brother of the respondent, (J. T. Moulton,) swears that in November, 1850, he collected such sum from the appellant, it being understood that it should be applied in payment of a judgment in favor of the respondent against the appellant, and that he was confident that the latter then knew that judgment had been entered against him. The court, at special term, seems to have thought this and some other small aids in the way of evidence, sufficient to overcome the appellant’s denial of knowledge of any legal proceedings against him, and assumed that he had then notice of them. If so, doubt was thrown on the appellant’s denial of the service of a summons upon him, and the affidavit on file of service must prevail; the application to vacate on the score of irregularity was, therefore, too late. The reason why ,!i6dema” was adopted as the appellant’s baptismal name instead'of u Gustave” is fully explained in the affidavit of the respondent’s attorney. Indee'd, the signature to the letters produced, as well as to the notes in suit, would fully justify the assertion that the appellant had recognized and adopted both names as his.
It would, be dangerous, absolutely, to overthrow a judg *479 ment entered upon an affidavit of personal service of summons after sixteen years and the death of the deponent who made it, so as to let in a defense of the statute of limitations, upon a simple denial by a defendant of its service; and this court at special term having arrived at a conclusion satisfactory to itself upon the fact of service, we do not consider ourselves at liberty to disturb it.
The defect in the affidavit of service pointed out was a mere irregularity; was not specified in the notice of motion, or taken advantage of within the time allowed for such motions, and cannot be so now.
Possibly the evidence of knowledge by the appellant of the existence of a judgment or of any thing beyond mere legal proceedings begun against him, might not be considered as sufficiently strong to preclude the appellant from being let in to defend, upon agreeing to appear and stipulating Hot to set up the statute of limitations. But he states nothing which amounts to a defense, and has not complied with the forms required in affidavits of merits. I see, therefore, no reason for disturbing the order appealed from.
It must be affirmed, with costs.