### PHILLIPS *et al.* v. CITY OF SIOUX FALLS *et al.*

1.  In the absence of further proceedings on the part of plaintiff, a temporary restraining order, granted at the commencement of a suit for a permanent injunction, may be dissolved after a demurrer to the entire complaint has been sustained on the ground that such complaint does not state facts sufficient to constitute a cause of action, for the reason that nothing remains to support an injunction.

2.  When assailed, the law presumes that public officers, charged with the duty of improving the streets of a city and authorized to levy a tax therefor upon abutting property, have preformed every duty in connection therewith at the proper time and in the proper manner; and a complaint in an action instituted to defeat the collection of such tax does not state facts sufficient to constitute a cause of action unless it specifies some material act that has been omitted, or some substantial requirement that has not been compiled with.

(Syllabus by the court.    Opinion filed July 17, 1894.)

Appeal from circuit court, Minnehaha county.   Hon. FRANK R. AIKENS, Judge.

Action by Imogene Phillips and others against the city of Sioux Falls and others. From a judgment sustaining a demurrer to the complaint, plaintiffs appeal.   Affirmed.

The facts are stated in the opinion.

*Stoddard & Wilson,* for appellants.

The making of the contract with the lowest bidder is a part of a special assessment.   Reis v. Gräff, 51 Cal. 90.   When an irregularity occurs in any of the proceedings upon which a special assessment is to be based, no valid assessment can be based thereon until such irregularity is cured.   Dill v. Roberts, Mills v. Carlton, 29 Wis. 406; Matter of Weil, 83 N. Y. 547.

*D. E. Powers,* for respondents.

Appeals cannot be taken from two separate orders by a single notice of appeal. Hawkins v. Hubbard, 51 N. W. 774; Hackett v. Gunderson, 1 S. D. 479; Sewing Mach. Co. v. Gurney, 38 Wis. 533; Ballow v. Railroad, 53 Wis. 150; Morris v. Niles, 67 Wis. 341; Victor v. Hobbia, 41 Wis. 657; Carpenter v. Williamson, 25 Cal. 154; Hunter v. McMillon, 87 Cal. 25. When the legislature has the power to authorize the levy of a special assessment, if for any reason it is void, they have the power to enact a law authorizing a reassessment for the same purpose. 2 Dillon, Mun. Corp. § 814; 2 Blackwell Tax Titles, 951; In re Van Antworp, 56 N. Y. 26; Brown v. New York, 63 N. Y. 239; Howell v. Buffalo, 37 N. Y. 267; People v. McDonald, 69 N. Y. 362; Whalelly v. Lanburg, 27 Mich. 131.

FULLER, J. This is an action to restrain and perpetually enjoin the sale of certain real property, situated in the city of Sioux Falls, to satisfy a special assessment for local improvements. From an order sustaining a demurrer to the complaint, plaintiffs appeal, and ask this court to reverse the action of the trial court in dissolving a temporary restraining order granted at the commencement of the suit. As no judgment was entered, counsel for respondents maintain that this court is confined to a consideration of the order sustaining the demurrer, and, as no appeal was taken from the order dissolving the injunction, it is urged that the action of the court in that regard is not presented for review. Should it appear that the demurrer was properly sustained, a consideration of this question will not be necessary, for the reason that nothing remained to support an injunction after the demurrer to the entire complaint had been sustained, and, in the absence of further proceedings on the part of plaintiffs, the injunction would fall as of course. 2 High, Inj. 1494; Clark v. Town of Noblesville, 44 Ind. 83.

During the year 1888, as shown by the complaint herein, that part of Phillips avenue between Fifth and Twelfth streets,

together with other portions of a street in front of certain lots
in the city of Sioux Falls, was curbed and paved, and a tax was
levied by the city authorities upon all abutting property, in-
cluding the lots involved in this suit, and a sale of the property
to satisfy said tax was perpetually enjoined at the suit of the
owner thereof, Andrew C. Phillips, since deceased.    The
complaint further states "that on the 30th day of January,
1891, it was ordered, adjudged, and decreed by the court that
a special assessment mentioned in the complaint in said action,
the same having been adjudged to be made for said curbing
and paving of Phillips avenue aforesaid.   *   *   *   was illegal
and void, and that the said city of Sioux Falls, and the said
treasurer of Minnehaha county, his agents, servants, or suc-
cessors in office, be enjoined from selling or offering for sale
said above-described lot or lots, or any portion thereof, and
declaring said assessment, and all proceedings to collect the
same, void, and that they be set aside, and that the said assess-
ment was not a lien upon the said above-described property, or
any portion thereof; and the said O. S. Swenson, city treasurer
aforesaid, and his successors in office, were ordered and
directed to cancel and discharge of record such assessment
upon the records in such county treasurer's office, and the
same was done accordingly."    Section 15, art. 16, c. 37, Laws
1890, provides, in substance, that the city council, contemp-
lating improvements of this character, shall, by resolution, de-
clare such work necessary to be done, and requires such reso-
lution to be published for four consecutive weeks, at least once
a week, in the official newspaper of the city; and, in case a
majority of the owners of property liable to be assessed there-
for fail to file a written protest with the city auditor within 20
days after the expiration of such publication, the city council
shall have power to cause the work to be done by contract
with the lowest responsible bidder, and to levy and collect an
assessment therefor.   Section 16 and 17 relate to the same sub-
ject, and specifically provide the manner of making and

collecting the assessment, and direct the successive steps alleged in the complaint to have been pursued by the respondents on the reassessment, and conceded in appellants' brief to have been regularly taken. Had the complaint, in addition to its recitals, specified and alleged, in relation to the improvements in question, that all the original proceedings of the city authorities had been judicially declared to be illegal and void, a material issue might have been tendered, and thus a different case presented to this court for review; but, in the absence of such an allegation, it must be presumed that the statutory requirements preceding the steps taken by the city to reassess the property had been fully complied with in the original proceedings, and that the assessment only had been adjudged to be irregular and void. One of the purposes for which chapter 17, Laws 1891, was evidently designed was to enable a city council to reassess and collect taxes for the local improvement of streets in cases where the work had been done and the assessment had been set aside by reason of defects, irregularities, or noncompliance with the provisions of the charter of such city, or the statutory provisions in relation thereto. And the power of the legislature to enact laws of this character has been so often affirmed by the courts that no citation of authorities in support of such power, when the tax is for a legitimate purpose, is deemed necessary.

In the absence of any allegation in the complaint to the contrary, the members of the city council, like all other public officers, are presumed to have performed their respective duties, and to have complied with the requirements of the statutes and the charter by which the city of Sioux Falls was governed at the time the initiative steps were taken to pave and curb the street for which the special tax in question was attempted to be imposed, and the assessment of which, for reasons not specified in the complaint, was subsequently declared and adjudged to be irregular and void. In the absence of any knowledge on the subject, we must indulge all reasonable presumptions in

favor of the legality and regularity of the steps taken, prior to such assessment, by the city authorities  Assuming then, as we must, that all the required steps preceding the assessment had been regularly taken, and stood unimpeached and unquestioned, we are disposed to believe that a repetition of such proceedings would be unnecessary, and were not contemplated by the framers of our statute authorizing a reassessment in cases like the present.  When it is conceded that public improvements of the nature mentioned in the complaint, and authorized to be made at the expense of abutting property owners, have been completed, and an action is instituted to defeat the collection of a tax reassessed therefor, the complaint should contain allegations which, if established on the trial, would be sufficient to overcome the presumption in favor of the tax; and, as the complaint in this case does not contain such averments, it fails to state a cause of action, and the temporary restraining order was therefore properly dissolved. The order of the trial court sustaining the demurrer is affirmed and the case is remanded for such further proceedings as may, by the trial court, be deemed just and lawful in the premises.