PETTIGREW *el al. v.* CITY OF SIOUX FALLS *et al.*

1. To justify a court in setting aside a judgment on the ground of mistake, inadvertence, or excusable neglect, under section 4939, Comp. Laws, two things must appear, to-wit, the mistake, inadvertence, or excusable neglect, and a probable meritorious defense on the part of the defendant asking such relief.

2. An order, in an application under that section, refusing to set aside a judgment entered upon a written stipulation of the parties, will not be reversed where the records presents neither the answer of defendant, nor suggests its contents, nor contains an affidavit of merits.

3. An affidavit of merits by an attorney must show that he is acquainted with the facts in the case.

(Syllabus by the Court. Opinion filed Sept. 1, 1894.)

Appeal from circuit court, Minnehaha county.   Hon. J. W. JONES, Judge.

Action by Luella B. Pettigrew and Alma J. Pettigrew against the city of Sioux Falls, S. D., and George B. Sammons, treasurer of the city of Sioux Falls, to enjoin the collection of a reassessment against certain lots on account of street improvements in which there was a judgment for plaintiffs. From an order denying a motion to vacate such judgment, defendants appeal.   Affirmed.

The facts are fully stated in the opinion.

*J. H. Gates*, for appellants.

An order denying a motion to relieve a party from a judgment taken against him through his mistake or excusable neglect is appealable.   Weber v. Tschetter, 1 S. D. 205; Yerkes v. McHenry, 50 N. W. 485; Earnest v. Hoskins, 100 Pa. St. 551; Griswold v. Lee, 47 N. W. 955.

*Winsor & Kittredge*, for respondents.

A party to an action is not entitled to relief on account of the negligence of his attorneys.   Haight v. Green. 19 Cal. 118; Mullhalland·v. Heyenean,  19 Cal. 605;  Ekel v. Smith,  47 Cal. 620;  Smith v. Fonstead, 56 Cal. 175.

KELLAM, J.   This is an appeal from the refusal of the circuit court to vacate a judgment against appellants, on the ground that the same was taken against them through their mistake or excusable neglect.   The action in which the judgment sought to be set aside was rendered was to enjoin the collection of a reassessment against lots of respondents in Sioux Falls on account of street improvements.   The case being at issue upon complaint and answer, and referred to a referee for trial, the parties, through their attorneys, made a written stipulation that the referee should find and report that the facts alleged in the complaint were true, and that plaintiffs were entitled to judgment for the relief asked, and that the court should confirm such report, and give the plaintiffs

judgment accordingly.    This was done, and judgment (which bears no date) was filed August 9, 1893.    December 11th following, the defendants' attorney, upon the files and records and affidavits, moved the court upon notice to vacate such judgment "upon the ground of mistake, inadvertence, or excussable neglect," as provided in section 4939, Comp. Laws.    The motion was resisted upon counter affidavits, and was denied by the court.

To justify the court in setting aside a judgment under this section, two things must concur,—the mistake, inadvertence, or excusable neglect, and a probable meritorious defense upon the part of the defendants asking such relief.    We have several times declared our opinion that a trial court should exercise its discretion liberally under this statute, but the conditions named are precedent to the exercise of any discretion.    In this case the trial court was justified in refusing this application if it believed there was no such mistake or excusable neglect as the statute contemplated, or if it believed that the answer of defendants did not set up any defense.    Either conclusion would justify and require the decision made.    As to the first ground, the facts are before us, and we might examine them; but if we should conclude that the judgment was rendered through a mistake, within the meaning of that section, there would still be left the further inquiry, did the defendants show that they had a defense?    The presumption is in favor of the correctness of the decision of the trial court.    To make it appear that it was wrong, appellants must not only show to us that the judgment was the result of mistake, but that there was a probable defense to it, because, for aught this court can know the trial court put its decision upon the latter ground.    If it did, we could not reverse its decision without knowing what the defendants proposed as a defense, or at least without a satisfactory affidavit of merits.    The record upon which we are asked to make such reversal contains neither the answer nor any intimation of its contents.    It would be violent on our part

to reverse a decision without knowing the facts upon which it was made. It is true that in the affidavit of Mr. Powers, a former attorney of the city, after stating the circumstances under which the stipulation referred to was made, and how it occurred that a judgment was consented to, he says "that, as a matter of fact, the city had a good defense to this case." Under no ruling which we have observed would this statement be accepted as an affidavit of merits. Mr. Powers does not state or show that he is acquainted with the facts in the case, nor even the facts relied upon as a defense. In an affidavit of merits by an attorney this is indispensable. 12 Am. & Eng. Enc. Law, p. 139, note and cases cited, and 15 Am. & Eng. Enc. Law, p. 382. But it does affirmatively appear that he did not draw the answer. It was prepared by Mr. Brockway, his predecessor. It further appears from Mr. Powers' affidavit that when ready to prepare for the trial he was ill, and employed Mr. Fawcett to assist him; that he turned the papers over to him, and that, when asked to consent to judgment, he replied that he would see Mr. Fawcett, who had examined the case; that he did see him, and asked him if there was any defense to the case, and acted upon his answer to such question. We refer to these facts as tending against a presumption of knowledge on the part of Mr. Powers on account of his relation to the city as its attorney, though it is not believed that such presumption alone would in any case qualify him to make an affidavit of merits.

It was further stated in Mr. Powers' affidavit (and the fact is urged in argument, as showing merit in the city's proposed defense) that the same reassessment was sustained as valid by the circuit court in the case of Phillips v. City of Sioux Falls. These references, both in the record and argument, make it proper for us to say that the case referred to was appealed to this court, and is reported in 59 N. W. 881. The case was before the circuit court on demurrer to the complaint, and it was there held, and affirmed here, that the facts stated in that

complaint did not constitute a cause of action against the city. While it is stated generally in the affidavit that the two cases involve the same reassessment, and that the facts in this case are the same as those in the Phillips case, it does not follow, nor can we assume, that the same facts, and no more, are set out in this complaint as in the complaint in the Phillips case. The facts "in the case" are not necessarily the facts stated in the complaint. The affidavit would be both literally and substantially true if an essential fact in the case had been omitted from the Phillips' complaint, thus making it demurrable, but had been fully stated in the complaint in this case, making it good. Until it appears that the two complaints are substantially alike in the facts stated, we cannot assume that the complaint in this case is bad because the Phillips complaint was, on a general statement that "the facts in the case" are the same in both. If the complaint in this case did state a cause of action (and we cannot presume otherwise), then to avoid this judgment the city should make a reasonable showing of a meritorious defense before it can claim to be prejudiced by the judgment. Ellis v. Jones, 6 How. Pr. 296, was a case very much like this, and the court held that "a defendant who seeks to open a judgment which he has suffered voluntarily, and under the advice of counsel, must show the court specifically in what his defense consists. General allegations will not answer." We do not think this was done. The application was addressed to the discretion of the court, and this court can only interfere where it affirmatively appears that such discretion has been misused. The record before us does not present such a case. The order appealed from is affirmed. All the judges concur.