### O'BRIEN, Sheriff, v. KUNTZ.

(Supreme Court, Appellate Term. November 6, 1903.)

1. MUNICIPAL COURT—APPEAL—RETURN—REQUISITES—REVIEW OF JUDGMENT.
    Where, on appeal from a judgment of the Municipal Court, the return did not contain the complaint, nor any of the testimony taken on the trial, if one was had, whether the judgment was correct on the merits could not be reviewed.

2. SAME—CONTINUANCE—ENGAGEMENT OF COUNSEL—DISCRETION.
    Where, after a cause pending in a Municipal Court had been several times continued at defendant's request because his counsel were otherwise engaged in the trial of causes in the Supreme Court, the case, with defendant's consent, was peremptorily set for a particular date, it was

not an abuse of the trial court's discretion to refuse to grant a further·
continuance on such date on the same ground.

3. SAME—GENERAL RULES OF PRACTICE.

Sup. Ct. Gen. Prac. Rule 9, providing that a cause on the day calendar
shall be passed for the day when counsel is actually engaged in the trial
of a cause, which, by Municipal Court Act, § 20, is made to apply to the
Municipal Court only, "as far as the same can be made applicable," does
not authorize continued applications for the postponement of a trial in a
Municipal Court on the ground that counsel was otherwise engaged in the
trial of causes.

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by William J. O'Brien against Henry Kuntz. From a Municipal Court judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Steuer, Hoffman & Wahle, for appellant.
S. W. Stern, for respondent.

FREEDMAN, P. J. This is an appeal from a judgment entered in the Municipal Court, and the appellant states in his notice of appeal that he intends to bring up for review on said appeal the order denying defendant's motion to open his default, upon which said judgment was entered. The return does not contain the complaint, nor any of the testimony taken upon the trial, if one was had, and we cannot, therefore, say whether the judgment upon the merits was correct or not, and can only consider the papers used upon the defendant's motion to open his default.

The following are the undisputed facts: The action was begun by the service of a summons. The return day was March 16, 1903, when an adjournment was taken by consent until March 30, 1903. From that time until April 16th the case was adjourned three or four times, each time at the request of the defendant, and each time upon the ground that Mr. Steuer, one of the defendant's attorneys, was actually engaged in court, or on the ground that the defendant himself, who was a lawyer, was engaged in court. At all these times the plaintiff and his witnesses were ready in court prepared for trial. On April 16th the defendant again applied for an adjournment, again upon the ground that Mr. Steuer was engaged in court. The plaintiff was again ready, objected strenuously, and filed an affidavit setting forth the facts as to prior adjournments as above stated, and asked that the adjournment be denied. The defendant's representative then stated in open court that, if this adjournment should be granted, he would consent that an order be entered setting the case down for trial peremptorily on April 23d. This was done, and the order entered, and the case set down for trial on that day. On that adjourned day the plaintiff again appeared ready for trial, and the defendant again asked for an adjournment, and filed an affidavit setting up that all three members of the firm who had appeared for the defendant were actually engaged in different parts of the Supreme Court in the trial

of cases. The motion to adjourn was denied, and judgment by default entered.

It was discretionary with the trial judge to open the default or to refuse. We do not think, under the circumstances disclosed, that there was any abuse of discretion. If the practice indulged in by the attorneys for the defendant is to be adopted, cases would never be tried except at the will of the defendant's attorney. Rule 9 of the general rules of practice of the Supreme Court in this department, which provides that a cause upon the day calendar shall be passed for the day when counsel is actually engaged in the trial of a cause, applies to cases in the Municipal Court only "as far as the same can be made applicable" (section 20, New Municipal Court Act [Laws 1902, p. 1496]), and cannot reasonably be applied to a case in which the facts are similar to the case at bar, with any due regard to the prompt and orderly administration of the law and respect for the rights of both parties. It will be seen that every application for a postponement of the trial of the case (some four or five) was based upon the same reason, viz., engagement by counsel in the trial of a case. While one, or possibly more, such requests upon that ground might not be unreasonable, continued applications ought not to be permitted in the court below, nor regarded in this court as sufficient legal excuses.

Judgment and order affirmed, with costs. All concur.