### CARRUTH v. ROSENTHAL et al.

(Supreme Court, Appellate Division, First Department. March 6, 1908.)

JUDGMENTS—DEFAULT—OPENING.

> Where in express disregard of rule 5, providing a special calendar for the trial of short causes, and rule 8, providing that in no event shall a case on the day calendar be passed because of the engagement of counsel for more than three days, and the direction of the trial justice that rule 8 must be observed, and if defendants' counsel was engaged on the day fixed for trial defendants must obtain other counsel, defendants and their counsel absented themselves and allowed an inquest to be taken, a motion to open such default on the affidavit alone of defendants' counsel that he was engaged on the trial of another case ought not to have been granted.

Appeal from Special Term.

Action by John G. Carruth against Isaac A. Rosenthal and others. From an order opening a default against defendants, plaintiff appeals. Reversed, and motion to open default denied.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and SCOTT, JJ.

Walter S. Newhouse, for appellant.
W. M. Seabury, for respondents.

INGRAHAM, J. This action was brought to recover the damages sustained by defendants' refusal to accept certain goods, wares, and merchandise manufactured by the plaintiff for the defendants under a contract; a part of the goods having been delivered to and accepted and retained by the defendants. The answer is a general denial of the material allegations of the complaint. The action was placed upon the special calendar and called for trial in Part 2 on December 11, 1907. At that time the defendants' attorney appeared and stated that the counsel who had been retained to try the case was absent on his wedding trip, and by this excuse secured an adjournment until December 19th. When the case appeared on the calendar on December 19th it was marked "Ready" and passed for the day. It was also marked "Ready"

and passed for the day on December 20th and December 23d. On January 6, 1908, the case was again marked "Ready" and passed for the day. On January 7th, when the case was called, the defendants' attorney for the first time stated that Mr. Steuer had been retained as counsel for the defendants and that he was actually engaged in Part 15 in the trial of a case. On January 8th, the case being again called, the justice presiding stated that he would hold the case subject to Mr. Steuer's engagement under the rule for three days—that is, for the 7th, 8th and 9th—and the case was passed for these three days. On January 9th the case was again marked "Ready" and passed subject to Mr. Steuer's engagement. On January 10th, Mr. Steuer being still engaged in the trial of another case, the plaintiff's attorney consented to the case being passed until Monday, January 13th, at the same time calling the attention of the trial justice to the fact that the case had already been held for more than four days subject to Mr. Steuer's engagement, and that the plaintiff would insist upon the trial of the case on January 13th. The trial justice then stated that he would hold the case no longer than January 13th, and if Mr. Steuer was engaged on that day the defendants would have to obtain other counsel. In answer to that the defendants' attorney stated to the plaintiff's attorney that Mr. Steuer would positively be ready to try the case on January 13th. Relying on that notice the plaintiff procured the attendance of his witnesses in court on January 13th, some of them from Philadelphia. On Monday, January 13th, plaintiff answered "Ready" when the case was called; but defendants' attorney again stated that Mr. Steuer was engaged and requested a further adjournment. The trial justice called the attention of the defendants' attorney to the fact that he had stated that the case must be tried on that day, and that if Mr. Steuer was engaged the defendants must obtain other counsel. The defendants' attorney then said that he would try the case himself, and the case was marked "Ready." When, however, the case was called for trial, neither the defendants nor their attorney or counsel were in court, and the trial justice directed plaintiff's attorney to proceed with the case, and plaintiff took an inquest. A motion was then made to open this default on an affidavit of Mr. Steuer, the defendants' counsel, who stated that on the 6th day of January 1908, he was engaged to enter upon the trial of a case in Part 15 of the court and that he had been continuously engaged in that trial.

It will be noticed that Mr. Steuer's engagement commenced on January 6, 1908, when this case had been upon the day calendar continuously from December 19, 1907. No reason was stated why the defendants' attorney could not have gone on with the trial of the case, or why the defendants could not have obtained other counsel. The facts upon which the application to open the default was presented were that after the case had been upon the calendar for several days and marked "Ready" Mr. Steuer was retained as counsel for defendants and then commenced the trial of another case, and for that reason, and directly in the face of a definite notice

from the trial justice that the case would not be held after January 13th on account of his engagements, the defendants and their attorney and counsel intentionally absented themselves from the courtroom and allowed an inquest to be taken. Thus, entirely disregarding the notice of the trial justice and entirely disregarding the rules of the court, without the slightest excuse for not obeying the direction of the court to obtain other counsel, the defendants make this application to open the default.

Rules have been prescribed to govern the trial of cases. By rule 5 of the rules for the regulation of the Trial Terms and to regulate the calendar practice therein, a special calendar for the trial of short causes is provided, the object of which is to facilitate the prompt disposition of such cases. And by rule 8 of the Trial Term rules it is provided that "in no event shall a case on the day calendar be passed from day to day on account of the engagement of counsel for more than three days." In this case this rule was expressly disregarded without the slightest excuse being offered, and the direction of the trial justice that the rule must be observed treated with most flagrant disrespect. And upon the motion to open the default no excuse is shown—no inability of the defendants to retain other counsel. There is only presented the affidavit of the counsel who had thus disregarded the rule and the direction of the court, which merely states that he was engaged, and therefore asks the court to set aside the ruling of the trial justice enforcing the rule. If these rules are to receive any consideration, certainly such proceedings cannot be tolerated. Upon a statement by counsel that he had violated the rule and the direction of the trial justice in relation to a case on the calendar, without the slightest excuse and without any reason why the direction of the trial justice could not be followed, presenting no reason why an attempt at least was not made to comply with the rules and the direction of the trial justice, a default is sought to be set aside. It would be much better to abrogate all rules, and allow counsel to regulate all the judicial proceedings according to their whim or caprice.

While the courts have been quite reluctant to hold defaults, and thus subject clients to liability because of the default of their attorneys, it seems to me that there must be a limit, and that limit is reached when a flagrant disregard of the directions of a trial justice is shown, without the slightest excuse, and where there is nothing to show that the slightest effort was made to follow the directions of the justice presiding at the trial term. This is especially so where it does not appear that the client did not entirely understand the situation. Here there is no evidence to show that the defendants ever really intended to try the case, or that they ever prepared for trial, or had their witnesses in court, or in fact did anything. The only evidence is that a counsel who had been retained to try the case was engaged in the trial of another case, and so far as appears neither the defendants' attorney nor the defendants made the slightest effort to comply with the directions of the trial justice to engage other counsel, or that other counsel could

not have been engaged and could not have satisfactorily tried the case on January 13th.

Upon the undisputed evidence before the court at Special Term it is very doubtful whether these defendants had any defense. Letters were introduced from the defendants which tended to show that they made the contract and also broke it. Their answer sets up no counterclaim or offset, and on the pleadings it would appear from these undisputed letters that the plaintiff was entitled to recover. But, however that may be, I think upon these papers presented there was no possible excuse offered to the court at Special Term for the disregard by the defendants and their attorney and counsel of the rules established for the regulation of the Trial Terms and the direction of the trial justice in relation to the trial of this action on Monday, January 13, 1908, and that under those circumstances the motion should not have been granted.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion to open the default denied, with $10 costs. All concur.