PAGE v. DEMPSEY.

(Supreme Court, Appellate Term. July 6, 1909.)

JUDGMENT (§ 169*)—OPENING DEFAULT JUDGMENT—CONDITIONS.
　　A default judgment should not be opened, except on payment of the taxable costs and disbursements to date, on the affidavit of defendant, alleging that his attorney advised that he had a good defense on the merits, and the affidavit of the attorney, averring that the defense interposed is meritorious.
　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 328, 329; Dec. Dig. § 169.*]
　　MacLean, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Cornelia B. Page against William J. Dempsey. From an order opening a default judgment on payment of $10 costs, plaintiff appeals. Modified and affirmed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

William F. Clare (Louis Bialostosky, of counsel), for appellant.
J. Power Donellan, for respondent.

SEABURY, J. I think the order appealed from should be modified, by providing that the default should only be opened upon payment of taxable costs and disbursements to date, and, as modified, affirmed, without costs.

Order modified, by providing that the default be opened upon pay-

ment of taxable costs and disbursements to date, and, as modified, affirmed, without costs of this appeal to either party.

GILDERSLEEVE, P. J., concurs.

MacLEAN, J. (dissenting). In disregard of orderly and common practice upon motions of this sort, the pleadings were not submitted. It appears, however, from the moving papers, that the cause of action alleged was damage done to the property of the plaintiff by blasting operations negligently and carelessly conducted by the defendant, and that the answer interposed was a general denial. From the same papers, and the opposing affidavits, it appears, also, that the cause, being upon the day calendar and the plaintiff's counsel, present with eight or ten witnesses, answering ready, was passed for the day on the application of the defendant's attorney; that the day following, no one opposing, it was sent in course to a trial part, wherein, no one appearing for the defendant, the plaintiff by several eyewitnesses proved, before the jury and the court, the damage done her property by the culpably careless conduct of the defendant's blasting operations in charging holes with large and small pieces of dynamite improperly covered with wadding, paper, and other things, without the precaution of providing an air cushion by placing a stick in the hole as drilled before charging, whereby, as testified by an expert, the possibility of concussion would have been prevented; and that the jury, after instruction from the court, found a verdict for $2,000 in favor of the plaintiff, for whom judgment was entered thereupon. From that judgment, as taken against him through his "excusable neglect" (section 724, Code Civ. Proc.), the defendant has been relieved, upon the application of a new attorney, by an order opening his default and setting aside the judgment, upon his payment of $10 costs, upon two affidavits, one of himself and the other of an attorney at law.

The defendant himself deposes "that he has fully and fairly stated the case to ——— [naming the other affiant], attorney at law, associated with ———, attorney for defendant, who resides at 58 Morningside avenue, borough of Manhattan, city of New York, and that he has been advised by said attorney that he has a good and substantial defense on the merits to the action, as he is advised by said attorney, which he verily believes to be true"; to the alleged cause of action and his interposition of a general denial as stated above; and that he "intends to prove and establish on the trial that the damage, if any, was in no way caused by acts of defendant, but that the blasting was done in a careful and proper manner by duly authorized persons, and that the damage, if any, was caused by concussion, over which the defendant had no control, and for which he is not responsible." In the other affidavit the attorney at law deposes to facts showing that the defendant, though informed on the 21st of the situation of the cause and that his attorney would not proceed therein or take charge of his interest, did nothing effective about it that day or the next, or for about a week, and, further, that:

"I have examined the pleadings in this action, and the defendant's representative, and am of opinion that the defense interposed is a valid and meritorious defense, and that the same is interposed in good faith, and not for the purposes of delay."

Neither of these depositions, nor both together, sustain the action of the court and the order appealed from. As has been ruled repeatedly since the introduction of Code practice in this state, discreet exercise of judicial discretion in such a case should be based upon the defendant's showing, besides excusatory circumstances, that he has merits in his favor, and that he has interposed a probable defense in good faith, and not for the purpose of delay. In ordinary cases a proper affidavit of merits was early accepted as evidence of good faith; but, any beclouding of good faith appearing, a disclosure of the circumstances of the transaction and a frank statement of the facts provable in the defense have been required (Ellis v. Jones, Shff. [1851] 6 How. Prac. 296; Security Bank v. Bank of Commonwealth, [1874] 2 Hun, 287), especially so where there is no evidence to show that the defendant ever really intended to try the case, ever prepared for trial, or had his witnesses in court, or in fact did anything (Carruth v. Rosenthal [1908] 124 App. Div. 670, 109 N. Y. Supp. 337).

Herein the defendant states no facts contradicting the proof of the plaintiff and upon which stands her judgment. The defendant, who should, if he could have sworn to good faith and that his answer is sion, almost rising to presumption that he is seeking delay, upon the fact appearing, as it does, that the action was begun by substituted service because personal service could not be made upon him, a resident of New York and then within the city of New York. The statement put forward by the defendant as an affidavit of merits looks of itself like a subterfuge. Its truth is contradicted by the attorney not only failing to confirm it, but saying that his interview was with the defendant's representative. As was said by the learned justice here presiding in a case where what was put forward as an affidavit of merits was less specious than the present:

"There is nothing in the affidavit presented on this application to indicate that the defendant has fully and fairly stated the case to his counsel. * * * A regular default will not be set aside without an affidavit of merits. * * * In the absence of compliance with the rule relating to the service and filing of an affidavit of merits, the motion to open the default and vacate the judgment should have been denied." Davis v. Solomon, 25 Misc. Rep. 695, 56 N. Y. Supp. 80.

Thus to hold is not harsh, nor is it new. As counsel for the appellant begins a page in his brief with the sentence, as a point, "Actus curiæ neminem gravabit," a maxim not of application on an appeal prosecuted in the ordinary course of procedure, and affording no occasion for retrospective action beyond the consequences of an affirmance or reversal of the order under review, it is perhaps excusable digression to remark that he would better have called to remembrance the rule of the civil law: "Sciendum est ex peremptorio absentum condemnatum, si appellet, non esse audiendum, si modo per contumaciam defuit; si minus audietur" (L. 73, Sec. 3, D 5, 1), a rule restated and reiterated in the Codex (Cap. 1, C 7, 65) and in the Novels (Nov. 82, c. 5), and now obtaining in modernized form in the excellent Austrian practice act (section 146, C. P. O.), through which animadversion on the law's delays has been practically silenced in the empire. In recent proceedings under the canon law a Bavarian prebendary, in de-

fault of nonappearance before the ordinary, after his answer had·been held insufficient as not unequivocal, was deprived of his benefice and of his functions by a judgment pronounced against him with preclusion of appeal (Cap. 18 in Vito, lib. V, tit. II: Sueddeutsche Monatschefte, Sept., 1908).

The order should be reversed, to the reinstatement of the judgment vacated.