BITTERMAN v. WEINSTEIN et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

JUDGMENT (§ 109*)—DEFAULT—ENGAGEMENT OF COUNSEL.

Where an action was adjourned five days to enable counsel to conclude an engagement on which he was then occupied, and on the termination of that engagement, one day before the day set for trial, counsel entered into other engagements, sending a clerk to adjourn the trial again, the refusal to adjourn and the entry of default were proper, especially where the issue raised was a simple one and could have readily been tried by other counsel.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 109.*]

Appeal from Special Term, New York County.

Suit by Theodore Bitterman against Julius Weinstein and others. From an order granting a motion to vacate and set aside defendants' default, plaintiff appeals. Reversed.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Edward W. S. Johnstone, for appellant.
J. H. San, for respondents.

PER CURIAM. Plaintiff appeals from an order opening defendants' default. The action is to foreclose a mortgage, it being sought incidentally to hold the respondent Weinstein upon a written guaranty to pay any deficiency. His answer is obviously sham, except, perhaps, that he sufficiently denies due notice of default and a waiver of further notice. The action came on for trial on June 16, 1909, and was adjourned until June 22d, to enable the respondent's counsel to conclude an engagement upon which he was then occupied. That engagement terminated on June 21st, when counsel should have held himself prepared to enter upon the trial of this action. Instead of doing that, he entered upon other engagements, sending a clerk to procure a further adjournment of this action. The court very properly refused to further adjourn it, and respondent's default was taken. The course pursued by defendant was nothing short of trifling with the court, especially as the only issue raised by defendant's answer was

an extremely simple one, and other counsel could have easily been procured to try it. The facts much resemble those in Carruth v. Rosenthal, 124 App. Div. 670, 109 N. Y. Supp. 337, where a default was suffered by the same counsel, who defaulted in the court below in the present case, and an order opening his default was reversed on appeal.

The order appealed from is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.