(93 Misc. Rep. 444)

### RYAN v. CENTRAL DELIVERY CO., Inc.

(City Court of New York, Special Term. January 5, 1916.)

1. JUDGMENT ☞160—OPENING DEFAULT—MERITORIOUS DEFENSE—SUFFICIENCY.

In an action for personal injuries, an affidavit of merits, stating that defendant had fully and fairly stated the facts constituting its case to its attorney, giving his office address, and that it had been advised by its attorney and verily believed that it had a good and meritorious defense to the plaintiff's cause of action, both upon the law and the merits, and that the defense had been interposed in good faith, was insufficient, in not showing what the defense was, under the rule that, upon a motion to open a default, the facts upon which movant relies as a defense should be stated in the moving papers, and an affidavit of merits, a verified answer, and the sworn statement of counsel that there is a good and substantial defense upon the merits, from his own personal knowledge of the facts in the case, is not sufficient, when the papers do not show what the defense is.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 314-316; Dec. Dig. ☞160.]

2. JUDGMENT ☞109—OPENING DEFAULT—ABSENCE OF COUNSEL—OTHER ENGAGEMENT.

Where a case was set for trial, and on the call of the calendar at 9:45 a. m. on that day a representative of the attorney for the defendant stated that counsel who formerly defended the action was ill and requested an adjournment, whereupon the case was set for 2 p. m. on the same day, at which time an affidavit was presented that counsel for defendant had entered into another engagement in the Supreme Court, which in fact had begun at 10:30 a. m., and defendant failed to engage other counsel as directed by the court, the court was justified in allowing plaintiff to take an inquest.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 160, 162, 179; Dec. Dig. ☞109.]

Action by Michael Ryan against the Central Delivery Company, Incorporated. Motion to dismiss granted, new trial granted, and defendant moves to vacate an inquest taken against it, and to be allowed to come in and defend. Denied.

James F. Mahan, of New York City, for the motion.
Louis Steckler, of New York City, opposed.

FINELITE, J. This is a motion made by the defendant to vacate an inquest taken against it and to allow said defendant to come in and defend the action. This action came on for trial on November 9, 1915. After the plaintiff had put in his proof and rested his case, the defendant moved to dismiss the complaint. This motion was denied, whereupon the defendant stated that it rested and would offer no defense. Defendant again renewed its motion for the dismissal of the complaint, which motion was granted by the trial justice, who, however, reserved his decision on a motion by the plaintiff for a new trial. On December 2, 1915, the court granted a new trial, and set the case down for December 13, 1915. On said last-mentioned day the action appeared on the day calendar for trial before the trial justice at Part I, and upon the call of the calendar at 9:45 a. m. a statement was made by a representative of the attorney for the defendant that the counsel who formerly defended the action was ill and requested an adjournment. The court thereupon set the case down for trial at 2 o'clock of said day. At said hour an affidavit was presented that counsel for the defendant had entered into another engagement in Trial Term, Part VIII, of the Supreme Court, and an adjournment was asked for on that ground. The trial court refused to consider this application and ordered an inquest to be taken. This was done. It is now sought to set this inquest aside.

The motion is based upon affidavits on behalf of the defendant by the attorney, also its respective counsel, and in addition the affidavit of two representatives of the defendant's attorney as to the illness and engagement of counsel, together with one by a physician who attended such counsel in his illness. The substance of the affidavit of defendant's counsel is to the effect that he was ill on Saturday, December 10th; that he was advised by his physician to remain indoors for a period of time; that he had received word on Monday, December 13th, from the attorney for the defendant that the case had been set down for trial by the trial justice for 2 p. m. of that day, December 13th; that he was compelled to attend Trial Term, Part VIII, of the Supreme Court on the morning of December 13th, and that he entered upon the trial of the action in said part. Upon the ground of the engagement of counsel, taken in connection with his illness, it is now urged that the default should be opened.

[1] As to the merits of the action, it appears that the plaintiff sustained injuries on or about the 9th day of July, 1914, while lawfully upon a two-horse truck being driven northerly along the easterly side of First avenue, between Thirty-Second and Thirty-Third streets, in this city, was thrown from his position on the truck to the street, caused by an automobile truck of the defendant also proceeding

in a northerly direction and in charge of one of the defendant's servants negligently striking the wagon in the rear while the defendant's driver or chauffeur was attempting to pass the wagon. The plaintiff sustained injuries, consisting of a fracture of two ribs, lacerations of the arm, and a scalp wound, and as a result of these was unable to earn any money for a period of two months after the date of said accident, and thereby became incapacitated and was compelled to seek lighter employment at a salary less than he formerly earned. It further appears that an answer was interposed and issue was joined, and the action placed on the calendar, and was duly reached for trial on November 9, 1915, whereupon the complaint was dismissed, but a new trial was thereafter granted as aforesaid.

This court has always been considerate to attorneys in the opening of defaults, where meritorious defenses have been interposed, or where facts have been presented to advise the court that there is a meritorious defense to the action. The order to show cause obtained by the defendant for the opening of the default sets forth an affidavit of merits, stating therein that the defendant has fully and fairly stated the facts constituting the defendant's case herein to its attorney, giving his office address, and that it has been advised by its said attorney and verily believes that the defendant has a good and meritorious defense to the plaintiff's cause of action herein both upon the law and the merits thereof, and that the defense herein has been interposed in good faith. This is insufficient under the decision of Dana v. Thaw, 56 Misc. Rep. 612, 107 N. Y. Supp. 870, which holds that:

"Upon a motion by defendants to open their default, the facts upon which they rely as a defense should be stated in the moving papers; and an affidavit of merits, a verified answer, and the sworn statement of their counsel that they have a good and substantial defense upon the merits, from his own personal knowledge of the facts in the case, do not suffice, where the papers shed no ray of light upon what defense they have."

In this case the plaintiff has failed to set forth sufficient facts to the court going to the merits of the motion.

[2] It has been repeatedly held that where a party does not act diligently and be prepared to proceed with the trial of an action when reached, and a default is entered against him, he is guilty of laches and cannot be afforded relief. The defendant was instructed by the court to engage other counsel. This it was reluctant to do—in fact, failed to carry out the directions of the court in this respect and presented itself before the court at 2 o'clock in the afternoon and refused to proceed. Under the circumstances the court was justified in allowing the plaintiff to take an inquest. See Bitterman v. Weinstein, 135 App. Div. 910, 120 N. Y. Supp. 401; Carruth v. Rosenthal, 124 App. Div. 670, 109 N. Y. Supp. 337; Loehr v. Brooklyn Ferry Co., 115 App. Div. 666, 101 N. Y. Supp. 209; O'Brien v. Kuntz, 84 N. Y. Supp. 535; Riesgo v. Glengariffe Realty Co., 116 App. Div. 418, 101 N. Y. Supp. 832. As was stated in the case of Loehr v. Brooklyn Ferry Co., supra:

"The side that accepts and conforms to the rules of court, and is diligent and respectful, is entitled to the protection of the court. It should not be

made the victim of the other side's refusal to observe the rules, and its lack of diligence and of respect for the administration of justice. * * * It is for the trial judge to control the calendar, and not attorneys and clerks. It is impossible for a judge who calls the day calendar to keep the several parts of court supplied with work unless the calendar rules are observed, and they should be observed."

At the call of the calendar on the morning of December 13th the defendant made no statement to the court that counsel was actually engaged in a trial in the Supreme Court, and it was not until 2 p. m. of that day—to which hour the case had been adjourned—that the court was informed that counsel was engaged in the Supreme Court; whereas it appears from the facts presented that counsel had actually been engaged in the Supreme Court from 10:30 o'clock on that day. In Bitterman v. Weinstein, supra, the Appellate Division, in reversing an order opening a judgment entered upon the defendant's default, said:

"The action came on for trial on June 16, 1909, and was adjourned until June 22d to enable the respondent's counsel to conclude an engagement upon which he was then occupied. That engagement terminated on June 21st, when counsel should have held himself prepared to enter upon the trial of this action. Instead of doing that he entered upon other engagements, sending a clerk to procure a further adjournment of this action. The court very properly refused to further adjourn it, and respondent's default was taken. The course pursued by defendant was nothing short of trifling with the court, especially as the only issue raised by defendant's answer was an extremely simple one, and other counsel could have easily been procured to try it. The facts much resemble those in Carruth v. Rosenthal, 124 App. Div. 670 [109 N. Y. Supp. 337], where a default was suffered by the same counsel who defaulted in the court below in the present case, and an order opening his default was reversed on appeal."

Again, in the case of Carruth v. Rosenthal, supra, where the Appellate Division of the First Department reversed an order opening a judgment entered upon the defendant's default, the court said:

"The facts upon which the application to open the default was presented were that after the case had been upon the calendar for several days and marked ready Mr. S. was retained as counsel for defendants and then commenced the trial of another case, and for that reason and directly in face of a definite notice from the trial justice that the case would not be held after January 13th on account of his engagements, the defendants and their attorney and counsel intentionally absented themselves from the courtroom and allowed an inquest to be taken. Thus, entirely disregarding the notice of the trial justice and entirely disregarding the rules of the court, without the slightest excuse for not obeying the direction of the court to obtain other counsel, the defendants make this application to open the default. * * * It would be much better to abrogate all rules and allow counsel to regulate all the judicial proceedings according to their whim or caprice. While the courts have been quite reluctant to hold defaults, and thus subject clients to liability because of the default of their attorneys, it seems to me that there must be a limit, and that limit is reached when a flagrant disregard of the directions of a trial justice is shown without the slightest excuse, and where there is nothing to show that the slightest effort was made to follow the directions of the justice presiding at the Trial Term. This is especially so where it does not appear that the client did not entirely understand the situation. Here there is no evidence to show that the defendants ever really intended to try the case; that they ever prepared for trial or had their witnesses in court."

Similar condition of affairs existed in the case of O'Brien v. Kuntz, supra. This action was adjourned several times at the request of

the defendant, because its counsel was otherwise engaged in the trial of actions in the Supreme Court, and the case was then with the defendant's consent peremptorily set for a particular date. It was there held that the defendant's application for a further adjournment was properly denied and that Supreme Court general practice rule 9, providing that a cause on a day calendar shall be passed for the day when counsel is actually engaged in the trial of a cause, does not authorize continued applications for the postponement of a trial on the ground that counsel was otherwise engaged in the trial of causes. There the court said:

"It was discretionary with the trial judge to open the default or to refuse. We do not think, under the circumstances disclosed, that there was any abuse of discretion. If the practice indulged in by the attorneys for the defendant is to be adopted, cases would never be tried except at the will of the defendant's attorney. * * * It will be seen that every application for a postponement of the trial of the case (some four or five) was based upon the same reason, viz. engagement by counsel in the trial of a case. While one, or possibly more, such requests upon that ground might not be unreasonable, continued applications ought not to be permitted in the court below, nor regarded in this as sufficient legal excuses."

It was also stated by Ingraham, J., in the case of Riesgo v. Glengariffe Realty Company:

"We think that the court was justified in refusing to postpone the trial. The day that the case was first on for trial, the attorney for these defendants entered into an implied agreement with the court that he would appear on the next day and continue with the trial without objection. The trial was considered commenced, to be continued on the next day. When the case was called on the following day the counsel was bound by his agreement and was bound to make arrangements to continue the trial, or, if he could not do so because of his engagements, to procure other counsel to represent his clients."

In Clews v. Peper, 112 App. Div. 431, 98 N. Y. Supp. 404. The court said:

"The taking of an inquest and the entering of judgment thereon are not mere idle ceremonies, to be brushed aside for the mere asking. Parties seeking to be relieved from their defaults must show a reasonable excuse for their neglect and must establish a meritorious case before they are entitled to the favor of the court."

The language of Gaynor, J., in Warth v. Moore Blind Stitcher & Overseamer Co., 125 App. Div. 211, 212, 109 N. Y. Supp. 116, 117, is particularly instructive. He says:

"Section 724 of the Code of Civil Procedure does not by any means permit or sanction the indiscriminate opening of defaults. It only provides that the court may in its discretion relieve a party from a judgment, order, or other proceeding taken against him 'through his mistake, inadvertence, surprise, or excusable neglect.' If his default be not of this character, a motion to open it should be denied. This applies in a special degree to defaults taken at Trial Term. The diligent party who gets ready to try his cause has rights, and is entitled to the court's favor and protection, instead of being worn out by delays. An intentional default is not to be opened, unless it was suffered through the betrayal, negligence, or incompetence of the party's attorney, and the motion to open it is made upon that ground, in which case the conduct of the attorney will not always be taken as that of the client, as is ordinarily done. Gideon v. Dwyer, 17 Misc. Rep. 233 [40 N. Y. Supp. 1053]."

One of the most recent cases in which the Appellate Division refused to set aside an inquest taken against a defendant by default is that of Gershanoff v. N. Y. Cons. R. R., 155 N. Y. Supp. 1109, which was affirmed without opinion. See Law Journal, Oct. 15, 1915. That action was one in negligence, and the excuse presented by the defendant for its default at the trial was an engagement of counsel in another case.

In accordance with these authorities, and upon the facts submitted here, this motion to open the default must be denied.