(112 App. Div. 430)

### CLEWS et al. v. PEPER.

(Supreme Court, Appellate Division, First Department. April 20, 1906.)

JUDGMENT—DEFAULT—INQUEST—VACATION—EVIDENCE.

Defendant having failed to appear for trial, an inquest was taken and a judgment entered, after which defendant applied to vacate the same on the affidavit of his attorney that defendant had a good and substantial defense to the merits, as shown by the answer. The answer was but a general denial, and the attorney did not aver that defendant had fully and fairly stated the facts constituting the defense to him, nor did the attorney give it as his professional opinion that on such statement he believed the facts established a valid defense. There was also no affidavit from defendant himself, nor explanation why such affidavit was not presented. Held, that the papers were insufficient to justify a vacation of the judgment.

Appeal from Special Term, New York County.

Action by Henry Clews and others against George Peper. From a Special Term order opening a default and vacating a judgment entered on an inquest, plaintiffs appeal. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Nathan D. Stern and Felix Jellenik, for appellants.

John C. L. Daly, for respondent.

CLARKE, J. This is an action brought to recover a balance claimed to be due to plaintiffs as brokers upon the sale of certain shares of stock purchased by them for the account of the defendant and upon his request. The answer is a general denial. Issue was joined in 1901. The case has been on the calendar since October, 1901. Having appeared upon the Friday call calendar, it was moved for trial by the plaintiffs, and thereafter duly appeared upon the day calendar of Trial Term, Part 10, and upon the first day that it so appeared, the defendant not appearing, it was marked for inquest for a subsequent day. It again appeared upon the day calendar upon the adjourned day, and, the defendant not appearing, an inquest was taken on said day, January 23, 1906, and judgment thereon entered on February 7, 1906. Thereafter the defendant obtained an order to show cause, returnable on the 16th of February, why said inquest should not be set aside and the judgment vacated.

The defendant moved upon the answer and an affidavit of defendant's attorney. The moving papers are insufficient. The taking of an inquest and the entering of judgment thereon are not mere idle ceremonies, to be brushed aside for the mere asking. Parties seeking to be relieved from their defaults must show a reasonable excuse for their neglect, and must establish a meritorious case, before they are entitled to the favor of the court. The affidavit of the attorney sets forth "that the defendant has a good and substantial defense to the merits of this cause of action, as shown by the answer of defendant, a copy of which is hereto annexed." That answer is a general denial. The attorney does not aver that his client has stated to him fully and fairly the facts constituting his defense, nor give it as his professional opinion that upon such statement he believes that such facts constitute a good and substantial defense to the merits; nor is there any affidavit from the defendant himself, nor explanation why such affidavit is not presented.

The relief prayed for should not have been granted upon these papers, and the order appealed from should be reversed, with $10 costs and disbursements, with leave, however, upon payment thereof, to renew the motion at Special Term upon further papers within 10 days. All concur.