DANA v. THAW et al.

(Supreme Court, Appellate Term. April 10, 1908.)

1. JUDGMENT—DEFAULT—APPLICATION TO VACATE—MERITS.
    An application to vacate a default judgment was improperly granted, where the papers did not show any real or meritorious defense to the action.
    [Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 292–295.]

2. MOTIONS—DENIAL—LEAVE TO RENEW.
    Where an order granting a motion to set aside a default was reversed, with leave to renew on proper papers, because of the absence of a showing of merits, and a second application was denied because of the same defect, the court should not have again granted leave to make a third motion for the same relief.
    Dayton, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Charles L. Dana against Mary C. Thaw and another. From an order of the New York City Court, denying defendants' motion to open their default, defendants appeal. Modified and affirmed.

See 56 Misc. Rep. 612, 107 N. Y. Supp. 870.

Argued before GILDERSLEEVE, P. J., and SEABURY and DAYTON, JJ.

A. Russell Peabody (George Boochever, of counsel), for appellants.
Adam Frank (Leon Lauterstein, of counsel), for respondent.

PER CURIAM. The action is for professional services as expert alienist. On October 11, 1907, judgment was entered in favor of plaintiff upon inquest. Motion was made to open defendants' default and vacate the judgment. The motion was granted, and appeal taken to this court, and heard at December term, 1907. We reversed the order, and directed that motion be denied, with leave to renew on proper papers. See opinion by Ford, J., page 22 of record. A second motion to vacate the judgment was heard by Mr. Justice Conlan, and denied, with leave to renew.

The fatal obstacle to defendants' efforts to vacate the judgment is the absence from all the papers, now or heretofore before the court, of any real or meritorious defense. The court might very well have excused the default, but the failure to disclose any defense prohibited the court from extending any favor to the defendants. Clews v. Peper, 112 App. Div. 430, 98 N. Y. Supp. 404. The order should be affirmed, with $10 costs, except as to the provision granting leave to make a third motion, which should be stricken out.

Order modified, by striking out the provision for renewal, and, as modified, affirmed with $10 costs and disbursements.

DAYTON, J. (dissenting). The complaint alleges plaintiff's employment, the payment of a $500 retainer, and the performance of services "of the reasonable value and agreed price of $1,000." Plaintiff took an inquest, and on his motion his demand was increased from $1,-000 to $1,500, making a total of $2,000. The testimony taken at the

inquest showed plaintiff's employment by the attorney at law for the defendants, and that plaintiff thought $1,500 was a just, fair, and reasonable charge, quite eliminating the $500 retainer paid him. Judgment was entered October 11, 1907, for $1,581.63. ‘That default was opened, and judgment set aside; but that order was reversed by this court (December, 1907), with leave to renew on further papers. The motion being renewed, it was denied, principally on the ground that the defendant Harry K. Thaw, while denying that he or his mother employed plaintiff, did not aver that his attorney was not authorized to do so. The moving papers include an affidavit of merits by the defendant Harry K. Thaw; his mother being absent from the state. His attorneys, also, make affidavits of merits.

Under the issues the defendants have the right to disprove the authority of the attorney to employ the plaintiff generally, or for an agreed sum. The affidavit of Mr. Hartridge shows that the defendant Harry K. Thaw refused to receive the plaintiff at the Tombs and told him that his services were not wanted. If this statement be the fact, a jury might find either that there was no employment, or, if there was, that the $500 retainer was ample compensation. The learned City Court judge at Special Term, in denying the motion to open the default, followed the former decision of the Appellate Term in this case, because of the failure of Harry K. Thaw to specifically deny Mr. Olcott's authority to employ the plaintiff. Without questioning the strict rule laid down in that former decision, which the learned Special Term judge in strictness doubtless felt bound to follow, it nevertheless seems to me that the defendants are entitled to their day in court. I agree with the expression in the prevailing opinion, to wit, "The court might very well have excused the default." But I am of opinion that there "is not a failure to disclose any defense." The record does not show that any reason was given for increasing the demand $500. Whether the plaintiff should have $2,000 as the "reasonable value" or the "agreed price" for his services, in view of the practically unchallenged facts set forth in the record, should be determined upon a trial. "Certain forms are needful to be preserved, but they must not obstruct the path to exact justice, and, if they do, they will be swept away." Wright v. Wright, 54 N. Y., at page 444.

It may be that plaintiff is entitled to recover all he asks, but only after the defendants have been heard, as they would have been, but for the reasons stated in the moving papers.