### SINGER et al. v. MAIMIN.

(Supreme Court, Appellate Term. December 29, 1909.)

1. JUDGMENT (§ 138*)—OPENING DEFAULT.

Judgments by default are not to be opened as of course, and the moving party must present a full statement of the circumstances which led to the taking of a judgment against him without his knowledge.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 249–251, 254; Dec. Dig. § 138.*]

2. JUDGMENT (§ 143*)—OPENING DEFAULT—EXCUSE FOR DEFAULT.

Where answer of ready was made in a cause on the call of the calendar May 28th, and judgment by default was taken June 16th, after the usual publication of the day calendar, affidavits showing merely that on June 3d defendant started on a trip on the advice of his physician, and that he did not return until July 11th, and that he "had no idea that the case would possibly be reached in June," does not entitle defendant to have the default opened.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from City Court of New York, Special Term.

Action by Samuel J. Singer and others against Hyman Maimin. From an order granting defendant's motion to have a judgment taken by default opened, plaintiffs appeal. Reversed.

Argued before GIEGERICH, GOFF, and LEHMAN, JJ.

---

Wahle & Kringel (Charles G. F. Wahle, of counsel), for appellants.
Reuben M. Cohen, for respondent.

GIEGERICH, J. This cause appeared upon the call calendar of the City Court for the 28th day of May, 1909, and was answered ready, though it does not appear from the papers by whom the answer was made. It later appeared upon the calendar printed in the New York Law Journal of Tuesday, June 15th, under the head of cases to be added to the day calendar of the day following. On June 16th it ap· peared upon the day calendar for that day, and an inquest was ordered upon the failure of the defendant to appear on the call of the calendar. The inquest was taken on June 24th, and a copy of the judgment was served upon the attorney for the defendant on June 25th. Thereafter the present motion was made to open the default and vacate the judgment, and the motion was granted upon condition that the defendant pay to the plaintiffs or deposit with the city chamberlain the amount of the taxable costs of the action to that time, together with $10 costs of the motion. From the order granting the motion upon these terms, this appeal is taken.

The defendant, in his affidavit, says that he went to Europe on June 3, 1909, under the advice of his physician, and did not return until July 11th following, and that when he left on that trip he "had no idea that this case would possibly be reached in June." He says nothing whatever concerning his knowledge or information with regard to the position of the case on the calendar, upon which, as above stated, the case had been already called and answered ready. The attorney for the defendant is also very indefinite in his affidavit, though much more precise in his brief, in which many statements of fact are contained for which we have been unable to find any evidence in the record. In his affidavit he says that, after being served with the copy of the judgment, he made inquiries and learned for the first time that the case had appeared upon the calendar of Part 3 of the City Court on June 16, 1909, and had been marked for inquest. He says nothing whatever concerning its appearance on the call calendar of May 28th, nor of its previous publication in the Law Journal. He says that he made no examination of the calendar during the month of June, because he was under the impression that only short causes were to be tried during that month.

Where a judgment is taken by default, and any reasonable excuse for failure to appear is shown, the court will undoubtedly be disposed to grant the motion upon proper terms, where it is satisfied of the good faith of the party in default. But judgments are not to be opened as a matter of course, and the moving party is certainly under the obligation to present a full and frank statement of the circumstances which led to the taking of judgment against him without his knowledge. In the present case this was very manifestly required by the peculiar circumstances. The case was called and marked ready on the 28th of May, and might have been reached and disposed of during the following month. But the defendant leaves for Europe on June 3d, suffering a default, which he has succeeded in having opened practically as a matter of course, thus carrying the cause over to the fall term. Un-

der such circumstances the court ought to be very fully satisfied, before it opens the default, that it was not deliberately suffered. I am of the opinion that the papers before the court upon this application do not sustain the order as an exercise of judicial discretion. Prager v. Beardsley, 133 App. Div. 592, 118 N. Y. Supp. 232; Clews v. Peper, 112 App. Div. 430, 98 N. Y. Supp. 404.

I think, therefore, that the order should be reversed, with $10 costs and disbursements, with leave, however, upon payment thereof, to renew the motion at Special Term on additional papers within 10 days after service of a copy of the order to be entered hereon, with notice of entry thereof. All concur.