EMPIRE CITY IRON WORKS v. DINCIN et al.

(Supreme Court, Appellate Term. November 10, 1911.)

1. COURTS (§ 190*)—MUNICIPAL COURTS—APPEALABILITY OF DEFAULT JUDG-MENT.

A default judgment is not appealable.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

2. JUDGMENT (§ 151*)—DEFAULT JUDGMENT—VACATION—PREREQUISITES.

Moving papers to open a default judgment must state the facts upon which defendant relies as a defense; an affidavit of merits or a verified answer, and a sworn statement of counsel that defendant has a good and sufficient defense upon the merits, being insufficient.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 296–298; Dec. Dig. § 151.*]

3. JUDGMENT (§ 151*)—DEFAULT JUDGMENT—VACATION—PREREQUISITES.

Moving papers to open a default judgment are insufficient, if, being based on the absence of witnesses, they fail to set forth material facts to which the witnesses would testify.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 296–298; Dec. Dig. § 151.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by the Empire City Iron Works against Isaac Dincin and another. From a judgment for plaintiff, and from an order refusing to open their default, defendants appeal. Appeal from judgment dismissed. Order affirmed.

Argued before SEABURY, GUY, and COHALAN, JJ.

Albert S. Goldberg, for appellants.
Earl A. Bowman, for respondent.

COHALAN, J. The plaintiff herein furnished materials and performed certain labor in fitting up a restaurant for the defendants. Suit was brought to recover the balance of the alleged agreed price. Upon the day set for trial the defendants applied for an adjournment, which was refused, and thereupon the plaintiff took an inquest. Thereafter the defendants moved for an order opening their default and vacating the judgment. This motion was denied, and the defendants appeal from the judgment and from the order.

[1] An appeal from a judgment by default will not lie, and that appeal must be dismissed.

[2] The decisions are uniform, and to the effect that, where a defendant moves to open a judgment by default, the *facts* upon which the defendant relies, as constituting a defense, must be stated in the moving papers, and, further, that an affidavit of merits, or a verified answer, and the sworn statement of counsel that defendant has a good and sufficient defense upon the merits, do not suffice, where the papers do not set forth the defense. Dana v. Thaw, 109 N. Y. Supp. 826; Id., 56 Misc. Rep. 612, 107 N. Y. Supp. 870, affirmed 128 App. Div. 901, 112 N. Y. Supp. 1126.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[3] The affidavit of merits is defective in many respects, and the moving affidavits utterly fail to set forth a single material fact to which it is alleged the absent witnesses will testify. The defendants' attorney states in his affidavit that the absent witness Sheinart was present when the contract between the parties was made, and that he is the only witness by whom he can prove the terms of the contract, and that he expects to prove by him that the contract was not performed. Whether or not there is any issue as to the terms of the contract, or in what respect it was not performed is not stated. Sheinart himself says:

"That he is fully acquainted with all the circumstances and facts concern-- ing this matter and is a necessary witness in said case."

It will be seen that there is an entire absence of anything tending to show what testimony the absent witnesses would give, so as to enable the court to determine whether or not such testimony is material and germane to the issue. The order must be affirmed.

Appeal from judgment dismissed. Order affirmed, with costs. All concur.