Henry A. Hudson, J.
The plaintiff moved for an order vacating the judgment which the plaintiff entered herein and for a further order permitting the plaintiff to put in proof of the allegations of conversion as alleged in the plaintiff’s complaint in the action. The plaintiff entered judgment on contract and in its moving and reply affidavits asserts that the judgment was entered through mistake.
The parties by mutual consent submitted the motion upon the papers without argument, without the consent of the court and neither have submitted any authorities in respect to their respective positions upon the motion.
The purpose of the motion is rather unusual and the court has not been able to find any case in which a similar situation has been passed upon. Section 108 of the Civil Practice Act seems to provide relief only for a party against whom a judgment has been taken. Section 109 would not seem to provide a remedy. These are the sections relied upon by the plaintiff in its moving papers. It would seem that the plaintiff should be entitled to relief in the event that there is any merit to the cause of action which it now seeks to establish. I believe that under section 111 of the Civil Practice Act, relief could be granted the plaintiff under the circumstances.
However, I believe that the plaintiff should be required to satisfy the court in the same manner that a defendant would be required to do in an application by a defendant to open a default, namely, that the plaintiff has a good and meritorious cause of action which it could establish to the satisfaction of the court upon the court’s agreement to hear proof of the cause of action set forth in the complaint.
The plaintiff’s cause of action is based upon the allegation that the defendants executed a chattel mortgage upon an automobile owned by them and that, although demand had been made upon the defendants for a return of such automobile, possession thereof had been denied the plaintiff. The pleadings and mov *973 ing papers of the plaintiff are very ambiguous in that they do not establish or dispute the allegations in the defendants’ pleadings that the defendant, Florence Holmes, did not own or have any interest in the automobile. The plaintiff has failed to attach copies of the alleged chattel mortgage or note executed by the defendants and have not made either available to the court. They have not denied the claim of the defendant, Florence Holmes that she has no interest in the automobile. They have not denied the allegations of Robert Holmes, to the effect that the automobile in question was involved in an accident and was totally wrecked; that he advised the plaintiff thereof and tendered the automobile to it. The plaintiff has failed to submit any facts explaining what they claim constitutes the conversion of the property by the defendants or either of them. There is, therefore, in my opinion, a complete failure to establish facts which would entitle it to any relief upon this motion. I believe- that the plaintiff should be relegated to the same requirements as the moving party was in Clews v. Peper (112 App. Div. 430) wherein the court stated at pages 430-431: “ The defendant moved upon the answer and an affidavit of defendant’s attorney. The moving papers are insufficient. The taking of an inquest and the entering of judgment thereon are not mere idle ceremonies, to be brushed aside for the mere asking. Parties seeking to be relieved from their defaults must show a reasonable excuse for their neglect and must establish a meritorious case before they are entitled to the favor of the court.”
The plaintiff’s motion is, therefore, denied without prejudice to its right to further move this court for the relief requested upon affidavits setting forth a reasonable excuse for the mistake or error in the entry of judgment as it now stands and facts which will establish that the plaintiff has a good and meritorious action in conversion against the defendants or either of them, with $10 costs.